GARTNER, Respondent, v. MOHAN, Appellant.

(170 N. W. 640).

(File No. 4444. Opinion filed February 11, 1919.)

1. **Evidence—Farm Hand, Personal Assault Of—Ability to Labor, Non-expert Farmers' Testimony, Admissibility.**

In a suit for damages for personal assault upon plaintiff, a farm hand; plaintiff having testified that he suffered bodily pain as a result of the injury and could not do as much hard work after as before the injury, an attending physician having testified to nature, extent and probable effect of the injury upon plaintiff's ability to perform hard labor; held, that testimony of farmer witnesses, for all of whom plaintiff had worked, and all of whom had observed him while at work, some before, some both before and after the injury, concerning plaintiff's ability to perform steady manual labor after receiving the injury, was admissable, notwithstanding they were not offered as expert witnesses, but were merely testifying to results of their observations in regard to appearances at the time; the case being within the exception to the general rule that witnesses cannot give opinions; the exception not being confined to evidence of experts on subjects requiring specific knowledge, etc., but includes evidence of common observers, testifying to results of observations made at time regarding common experiences of fact—a condition of things which cannot be reproduced and made palatable to jury; such evidence being competent from necessity.

2. **Trials—Misconduct of Counsel—Stating to Witness Evidence of Others After Excluding of Witnesses from Courtroom.**

Where, at the beginning of a trial in a personal damage suit, court had excluded all witnesses from the courtroom, and upon a rebuttal witness being produced for plaintiff, his counsel stated to witness that some of defendant's witnesses had testified that at time defendant caught plaintiff by the shoulders

and turned him around and kicked him, one Shuck was present with defendant, **held**, that while such statement was in violation of the order of court excluding witnesses and was improper on part of counsel, it did not constitute a reversible error; the matter being vested largely in court's discretion, which ruling would not be disturbed unless it clearly appeared that such discretion had been abused to defendant's prejudice; and it not appearing that this testimony affected defendant in any manner, or how the presence or absence of Shuck was material.

Appeal from Circuit Court, Charles Mix County. HON. ROBERT B. TRIPP, Judge.

Action by Harry Gartner, against John J. Mohan, to recover damages for personal injury. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*John F. Tipton*, and *Ambrose B. Beck*, for Appellant.

*G. M. Caster*, and *P. A. Hosford*, for Respondent.

(1) To point one of the opinion, Appellant cited:

Enox v. St. Paul Fire & Marine Ins. Co. (S. D.) 57 N. W. 919; Fallon v. Rapid City, (S. D.) 97 N. W. 1009; Smith v. Northern Pac. R. Co., 58 N. W. 345.

Respondent cited:

Crawleigh v. Galveston Railway Co., 67th S. W. (Tex.) 140; Commonwealth v. Sturtivant, 117th Mass. 122; Railway Company v. Shultz, 54th Am. Reports, 805; Fowler v. Delaplain, 21 L. R. A. (N. S.) 100; Harris v. Detroit Railway Company, 42 N. W. 1111.

(2) To point two, Appellant cited:

Jones Compt. on Evidence, Vol. 5, Sec. 807 et seq.

POLLEY, J. This case was before the court on former appeal. 39 S. D. 202, 163 N. W. 674.

After the reversal of the former judgment a new trial was had. This trial resulted in a substantial verdict and judgment for plaintiff, and defendant appeals.

[1] But two questions are presented for consideration. The first relates to the reception of certain evidence relative to the extent of plaintiff's injury. Plaintiff was a farm hand. A number of witnesses, all farmers and for all of whom plaintiff had worked, were examined relative to plaintiff's ability to perform steady manual labor after receiving the injury complained of. This was objected to on the ground that it called for the conclusion of the witness and that no proper foundation had been laid.

Plaintiff had already testified that he suffered bodily pain as a result of the injury and that he could not do as much hard work after the injury as he could before. A physician, who had attended plaintiff directly after receiving the injury, had testified to the nature and extent of the injury and to the probable effect that such injury would have upon plaintiff's ability to perform hard labor. The witnesses to whose testimony defendant objected had all had an opportunity to observe plaintiff while at work. At least two of them had seen plaintiff at work, both before and after the injury. None of such witnesses qualified as experts, nor did they purport to give expert testimony. They were merely testifying to the results of their observations in regard to appearances to them at the time. This brings this feature of the case within the exception to the general rule announced in the case of Com. v. Sturtivant, 117 Mass. 122, 19 Am. Rep. 401, where it is said:

"The exception to the general rule that witnesses cannot give opinions is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill, or learning; but includes the evidence of common observers, testifying to the results of their observation, made at the time, in regard to common appearances or facts, and a condition of things which cannot be reproduced and made palpable to the jury. Such evidence has been said to be competent from necessity, on the same ground as the testimony of experts, as the only method of proving certain facts essential to the proper administration of justice."

It is competent for a nonexpert witness to testify to the physical condition of another as to his health or sickness, though he will not be allowed to testify as to the particular disease or ailment. Baltimore & Ohio Ry. Co. v. Schultz, 43 Ohio St. 270, 1 N. E. 324. The trial court did not err in overruling the objection to this testimony.

[2] The remaining question for consideration relates to the conduct of plaintiff's counsel in the examination of certain witnesses on rebuttal. At the beginning of the trial the court made an order excluding all the witnesses in the case from the courtroom, so that no witness coming on the stand would know the testimony of any previous witness. When the rebuttal witnesses took the stand, counsel for plaintiff said:

"It has been testified by some of the witnesses .on behalf of the defendant that, at the time the defendant Mohan caught the plaintiff Gartner by the shoulders, and turned him round and kicked him, * * * George M. Shuck was present and with Mr. Mohan."

This was objected to on the ground that it violated the above rule of the trial court. While this was a violation of the above order of the court, and was improper on the part of counsel, it did not constitute reversible error. In the first place, this is a matter that is vested so largely in the discretion of the trial court that the ruling of that court would not be disturbed unless it clearly appears that such discretion has been abused and that appellant has been prejudiced thereby. In the second place, there is nothing in the record to show that this testimony affected defendant in any manner whatever, or how the presence of absence of the said George M. Shuck at the time mentioned was material to any of the issues in the case.

Upon the whole record, we are satisfied that defendant has had a fair trial, and the judgment appealed from is affirmed.