Oehler and wife, Respondents, vs. Allstate Insurance Company and another, Appellants.

*December 5, 1957—January 7, 1958.*

For the appellants there were briefs by *Kivett & Kasdorf*, attorneys, and *John R. Henderson* and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis*.

For the respondents there was a brief by *Schmidt & Thibodeau* of Wisconsin Rapids, and oral argument by *Leon S. Schmidt*.

CURRIE, J.    Inasmuch as the accident causing the injuries of the plaintiffs Oehler occurred in North Dakota, the substantive law of such state, and not that of Wisconsin, governs the within action. *Hansen v. Hansen* (1956), 274 Wis. 262, 80 N. W. (2d) 230.

The sole issue on this appeal is whether the Oehlers are barred from recovery on their causes of action grounded upon

ordinary negligence because of the provisions of the North Dakota "guest" statute, ch. 39–15 of the North Dakota Revised Code of 1943. This statute bars persons, who are injured while riding as guests in a vehicle, from recovering for such injuries against the driver or owner, unless caused by the intoxication, wilful misconduct, or gross negligence of such driver or owner. A "guest" is defined as "a person who accepts a ride in any vehicle without giving compensation therefor." (Sec. 39–1501, 4 North Dakota Revised Code of 1943.)

It is the contention of counsel for the plaintiffs that the Oehlers did give compensation for their ride in Keip's car at the time the accident occurred, and, therefore, they were not guests within the meaning of the North Dakota "guest" statute. The learned trial court agreed with this contention, and specifically found and determined that the Oehlers were passengers for compensation and not guests.

In 1954, Alfred Oehler was a retired farmer about sixty-three years of age residing with his wife at Arpin in Wood county. John Keip was approximately this same age and resided in the town of Waukesha in Waukesha county. Keip had never married and after retiring as a farmer did some carpentry work from time to time. The Oehlers and Keip had been friends for many years. A year or two prior to 1954 some people by the name of Seuter residing at Edmonton, Alberta, Canada, who were distant relatives of Mrs. Oehler, had visited at the Oehler home, and the Oehlers had taken them down to Waukesha county to call on Keip. Thereafter, the Oehlers and Keip had discussed making a pleasure trip to Alberta together at some future time, and tentatively agreed that they would do so without any definite time for going having been decided upon.

Sometime in the late spring of 1954 the Oehlers received an invitation for themselves and Keip to attend a wedding

of a member of the Seuter family to take place at Edmonton on July 15, 1954. Thereafter, on June 17, 1954, Alfred Oehler wrote to Keip relaying the information about such wedding invitation. In such letter Oehler told about his own bad health and pointed out that Keip was healthy and a good driver. The letter suggested that the wedding would be a good time for Keip and the Oehlers to make their trip to Alberta, and asked Keip to come up and talk the matter over. Keip, shortly after receipt of the letter, did drive up to Arpin and discussed with the Oehlers the proposed trip to attend the wedding. Keip made it clear to the Oehlers that he was not interested in making the trip if he had to pay all the expenses. The Oehlers assured him that they expected to share such expenses, and upon this assurance Keip agreed to go.

It was planned that the parties would commence the trip to Alberta from the Oehler home in Keip's car on Sunday, July 11th. Keip arrived at Arpin the day before and the parties again had a conversation about paying the expenses of the trip. The Oehlers testified that they then agreed to pay for all gasoline and oil used on the trip and to provide the food. On the other hand, it was Keip's version of the arrangement that there was to be a sharing of expenses.

The parties left as planned early the following morning. Mrs. Oehler had prepared enough food for the three on the trip and this was taken along, and partaken of by Keip until the accident occurred. Oehler paid for filling the car with gasoline before leaving, and paid for all other gasoline used prior to the accident, except for a purchase of gasoline and oil made by Keip at Rugby, North Dakota. This latter purchase by Keip was made in the absence of the Oehlers who had gone to a store to do some shopping. Oehler also paid the expense of the night's lodging for the three of them on July 11th. The ensuing day, July 12th, the accident occurred

not far from Minot, North Dakota. No issue is raised on this appeal with respect to the finding by the jury that the negligence of Keip was a cause of such accident.

Counsel for both the plaintiffs and defendants concede that the North Dakota supreme court has not as yet construed the North Dakota "guest" statute as applied to a situation where passengers in an automobile have shared the expense of gasoline and oil on a trip taken for the joint pleasure of such passengers and the owner-operator of the vehicle. If there were a North Dakota decision so construing such statute it would be controlling upon this court in the instant case.

A considerable number of states have similar "guest" statutes and we find great disparity in the construction placed by the courts of other jurisdictions on the words *"without giving compensation therefor,"* or similar statutory words having essentially the same meaning. Some courts hold that where the party providing the vehicle receives a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, the rider is a passenger and not a guest within the meaning of the "guest" statute. Other courts hold that there is no transportation for compensation in a situation where relatives or friends take a trip together for the mutual enjoyment of both driver and riders, even though the riders contribute substantially toward the cost of the transportation. For the authorities which have passed upon the effect to be accorded a sharing of expenses in construing "guest" statutes, see annotation in 10 A. L. R. (2d) 1351; 4 Blashfield, Cyc. Automobile Law and Practice (perm. ed.), p. 305 *et seq.,* sec. 2292; 5A Am. Jur., Automobiles and Highway Traffic, pp. 557, 558, sec. 518; and 60 C. J. S., Motor Vehicles, pp. 1015, 1016, sec. 399 (5)b.

In the recent case of *Urban v. Chars* (1957), 1 Wis. (2d) 582, 85 N. W. (2d) 386, involving interpretation of the

Texas "guest" law, we discovered that the Texas supreme court is one of the courts which has strictly construed the words "payment for such transportation" of its "guest" statute. Such statutory words have been held by that court not to include a contribution made to transportation costs by riders if the trip was one for the mutual enjoyment of the riders and driver. However, the precedent of *Urban v. Chars, supra,* is of no significance in deciding the instant appeal because here our hands are unfettered by any controlling North Dakota court decision.

The undisputed testimony is that Keip would not have undertaken the trip to Alberta unless the Oehlers had agreed to contribute to the expenses of such trip, and this was well understood by the Oehlers beforehand. The agreement by the Oehlers to pay all or part of the expense for gasoline and oil was a motivating influence for Keip providing his car, and the amounts expended by the Oehlers for gasoline, food, and the cost of the night's lodging prior to the accident conferred a tangible benefit upon Keip. We consider that such contribution by the Oehlers under these circumstances constituted compensation toward the transportation which they received. Therefore, Keip did not transport them "without [the Oehlers] giving compensation therefor" within the meaning of the statute that we are construing. We deem that the following cases support this construction. *Whitmore v. French* (1951), 37 Cal. (2d) 744, 235 Pac. (2d) 3; *Morse v. Walker* (1949), 229 N. C. 778, 51 S. E. (2d) 496; *Beer v. Beer* (1935), 52 Ohio App. 276, 3 N. E. (2d) 702; *Kerstetter v. Elfman* (1937), 327 Pa. St. 17, 192 Atl. 663; and *McMahon v. DeKraay* (1944), 70 S. D. 180, 16 N. W. (2d) 308.

Counsel for the defendants contend that, in order for a prior arrangement for sharing of expenses between riders and driver to be effective to make the riders passengers for

compensation under the statute, such arrangement must have all the characteristics of an enforceable contract. We reject such a construction as being unduly restrictive. If the North Dakota legislature had intended such result it would have been a simple thing to have inserted words in the statute to such effect.

It is, therefore, our considered judgment that the trial court properly denied defendants' motion for a directed verdict grounded upon the North Dakota "guest" statute.

*By the Court.*—Judgment affirmed.