GOODING, MARION W., Associate Judge.
This case arose as a result of an automobile accident in which the plaintiff was in *721 jured while a passenger in the automobile driven by one of the defendants.
The lower court dismissed the plaintiff’s second amended complaint with prejudice and it is from the order dismissing the complaint that this appeal is taken.
Appellant, plaintiff in the lower court, in her second amended complaint alleged that she was at all times material hereto employed by Marcella’s Italian Restaurant & Bar, and Marcella Aitken, individually, that she received, as payment for her services, Forty Dollars ($40.00) per week, plus room, board and transportation, to and from her employer’s premises; that Marcella Aitken was an officer and majority stockholder in Marcella’s Italian Restaurant & Bar and was the alter ego of said corporation and that Marcella Aitken had possession and control of the motor vehicle involved and requested the defendant, William R. Aitken, to drive the plaintiff in said vehicle and that the plaintiff was being transported as a passenger in her employers’ vehicle at such direction and request of Marcella Aitken pursuant to the foregoing arrangement when the defendant, William R. Aitken, in a negligent and careless manner, made a left turn in front of oncoming traffic and the vehicle was struck by another vehicle causing serious injuries to the plaintiff.
Appellee, defendant, moved the court to dismiss the second amended complaint for failure to state a claim upon which relief can be granted, for the reason that only simple negligence was alleged in the complaint and the complaint to have been held sufficient must either sufficiently allege acts constituting gross negligence or contain allegations of fact sufficient to establish that the injured party did not occupy the status of a guest at the time of the injury.
Appellant insists that under the facts alleged she was not a guest within the meaning of the Guest Statute, § 320.59, Fla. Stat., F.S.A., and that she need not allege gross negligence on the part of defendants.
It is well settled that where transportation is provided pursuant to an employment contract, as in the case at bar, and is part of the plaintiff’s wage the plaintiff would not be a guest within the meaning of the Guest Statute. Miller v. Morse Auto Rentals, Fla.App.1958, 106 So. 2d 204 (citing and quoting from Sullivan v. Stock, Fla.App.1957, 98 So.2d 507) says:
“ ‘So it is the guest statute does not apply when the transportation is solely for the benefit of the owner or operator or mutual benefit of the passenger and the owner or operator of the car; nor can the guest statute be invoked in commercial transactions. However, the benefit sought to be conferred as the inducing cause of the transportation should be sufficiently real and tangible. A remote, vague, or incidental benefit is not sufficient. Nor would the journey or the ride suffice to change the status of an occupant of an automobile from that of a guest passenger where such journey or ride is for purposes of companionship, pleasure, social amenities, hospitality, and the like.’ ”
Peery v. Mershon, 149 Fla. 351, 5 So.2d 694; and Brown v. Killinger, Fla.App.1962, 146 So.2d 124.
The appellee also insisted that the complaint, to withstand a motion to dismiss, should have alleged whether at the time of the accident the transportation mentioned in the complaint was incident to plaintiff’s employment, or outside of her employment and gratuitously furnished.
We find no merit in this contention since the complaint alleges that “the plaintiff received, as payment for her services, Forty Dollars ($40.00) per week plus room, board and transportation to and from her *722 employers’ premises * * * and that the plaintiff was being transported in her employers’ vehicle at such direction and request of the defendant, Marcella Aitken, pursuant to the foregoing arrangement when the aforesaid accident occurred.” [Emphasis supplied]
We hold-the complaint -is , sufficient to state a cause- of action. - The,,judgment of the lower court dismissing the second amended complaint is, ■ therefore, reversed and the cause remanded.
Reversed and remanded.