.FRIEDHOFF, Appellant v. ENGBERG et al., Respondents

(149 N.W.2d 759)

(File No. 10337. Opinion filed April 4, 1967)

**Curtis D. Ireland, Whiting, Lynn, Freiberg & Shultz,** Rapid City, for plaintiff and appellant.

**Costello, Porter, Hill, Banks & Nelson,** Rapid City, for David R. Hale, defendant and respondent.

**Lynden D. Levitt,** Rapid City, for Harold H. Engberg and

**Lynden D. Levitt,** Rapid City, for Harold H. Engberg and Gratia Engberg, defendants and respondents.

BIEGELMEIER, Judge.

Defendants Engberg own Ghost Canyon Ranch located in the beautiful Black Hills of South Dakota. Children as guests or campers pay a tuition for board, room, horseback riding and other attractions furnished at the Ranch. Plaintiff had attended the Ranch in 1963 paying the required tuition; in 1964 and 1965 she was employed by Engbergs as a "kitchen girl" for which she received no cash compensation but testified she had a right to engage in various camp activities. Defendant Hale, age 18, was employed by Engbergs as a "wrangler" from June through August 14, 1965. His duties included driving campers on various tours, for which he received his "keep", a salary of $100 and an extra $50 at the end of the summer for use of his car. One of the regularly scheduled activities was a Mt. Rushmore trip to which Hale drove some campers to view the lighting ceremonies. Plaintiff was given permission to accompany the group. On this trip Hale rounded a curve on the wrong side of the road and ran into an approaching car resulting in injuries to plaintiff and this action against both Engbergs and Hale.

Acting on advice of his counsel and shortly before the trial, Hale served a Notice of Disaffirmance on Engbergs of his contract of employment with them and returned to them the $150 cash and $60 the value of board and room furnished him. He also testified at the trial he was availing himself of his right as a minor to disaffirm that contract. The evidence is such as would permit a jury to find only ordinary negligence of defendant Hale to permit recovery for a passenger, but insufficient to comply with the "willful and wanton" standard required by SDC 44.0362 if plaintiff is a guest without compensation as therein stated. The employment of Hale by Engbergs and that he was driving the car as their agent or servant within the scope of his employment is not disputed.

At the close of the evidence defendant Hale made motion for a directed verdict on the ground our guest statute[1] requires

---

1. SDC 44.0362 in part provides: "No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle".

compensation be paid to the driver before a cause of action will lie for other than wilful and wanton negligence and that (1) at the time of the accident Hale was acting within his employment contract with Engbergs for which he received compensation and that contract had been disaffirmed rendering it void ab initio so the implied contract of safe carriage was void and did not inure to the benefit of plaintiff and (2) the evidence does not show any benefit was agreed to or paid for the transportation as between plaintiff and defendants Engberg and the ride was a gratuity.

The trial judge concluded, as do we, the evidence presented a jury question as to the second stated reason, i. e., whether plaintiff's agreement with Engbergs entitled her to participate in and enjoy the lighting ceremony at Mt. Rushmore. Cf. Loftus v. Pelletier, 223 Mass. 63, 111 N.E. 712, and Pribil v. Aitken, 1966, Fla.App., 184 So.2d 720. This opinion will therefore proceed on that premise. After some discussion the trial judge further concluded defendant Hale could not be held liable for ordinary negligence except for his contract of employment with Engbergs and that contract having been disaffirmed he was compelled to apply statements in the Tennyson v. Kern opinion of this court hereafter cited and reluctantly granted the motion. A similar motion by Engbergs, based on the same grounds and the further one that unless the servant be liable, the master cannot be held liable, was for the latter reason also granted.

Tennyson v. Kern, 76 S.D. 136, 74 N.W.2d 316, is urged here as authority for the trial court's direction of verdict. We do not so view it for what was said as to the infant's disaffirmance was dictum for the opinion first determined the accident happened on a side trip not under any agreement to share expenses. That conclusion compelled affirmance of the trial court's direction of verdict for defendant. The opinion, however, then considered the further disaffirmance contention which was "predicated upon an assumption we have just rejected".

 Who is a guest within the contemplation of the statute has been before this court in a number of cases, some of which are cited and reviewed in Jennings v. Hodges, 80 S.D. 582, 129 N.W.2d 59, and Robe v. Ager, 80 S.D. 597, 129 N.W.2d 47. The

court has said essential elements of a passenger are (1) the driver must receive some benefit from the transportation and (2) the benefit must be sufficiently real, tangible and substantial to serve as the inducing cause of the transportation so as to completely overshadow mere hospitality or friendship; also it may be easier to find compensation where the trip has a commercial or business flavor. Peterson v. Snell, 80 S.D. 496, 127 N.W.2d 142.

■ ■ The compensation within the guest statute is not limited to money or other tangible things, Cluts v. Peterson, 79 S.D. 462, 113 N.W.2d 273, nor need it pass from passenger to operator. Robe v. Ager, supra. It may be the benefit accruing to the operator was the occupant's judgment in buying cattle. Kleinhesselink v. Porterfield, 76 S.D. 577, 83 N.W.2d 191, service as a musician on a booster trip to advertise a city carnival, Forsling v. Mickelson, 66 S.D. 366, 283 N.W. 169, or the mere presence of a licensed operator thus allowing a holder of an instruction permit to lawfully drive the motor vehicle, Jennings v. Hodges, supra. The arrangement need not have all the characteristics of an enforcible contract. Oehler v. Allstate Insurance Co., 2 Wis.2d 656, 87 N.W.2d 289.

■ ■ Absent a guest statute or guest status the operator of an automobile must use reasonable and ordinary care for the safety of occupants thereof and is liable for injuries proximately caused by ordinary negligence. SDC 47.0304. Barger v. Chelpon, 60 S.D. 66, 243 N.W. 97; Knutsen v. Dilger, 62 S.D. 474, 253 N.W. 459. Initially a minor is civilly liable for wrongs done by him in like manner as an adult, SDC 43.0108, and this liability results from lack of ordinary care proximately causing injury to another. Defense of the guest statute is not available to an adult in a tort action where benefit accrues to the driver.

SDC 43.0103 states a minor cannot give a delegation of power nor under the age of 18 make a contract relating to real property or personal property not in his possession. SDC 43.0104 provides a minor may make any other contract, subject only to his power of disaffirmance. SDC 43.0105 permits the disaffirmance if the minor is over the age of 18 upon restoring the consideration to the party from whom it was received. As to a contract between

the immediate parties the court has required complete restoration where in an action against an 18-year-old for the balance of the purchase price of a machine the minor offered to return. He also disaffirmed the contract of purchase. The court required return of the machine in as good condition as he received it or reduction of his counterclaim for the down payment in the amount it was damaged or had depreciated. Barber v. Gross, 74 S.D. 254, 51 N.W.2d 696.

 Here the action is based on ordinary negligence for which defendants would be liable except for the claim defendant Hale may disaffirm his contract of employment to take effect prior to his negligence so as to defeat plaintiff's then valid claim for damages. A tort usually arises from a breach of legal duty independent of contract. Such breach of duty may arise out of a relation or state of facts created by contract. Smith v. Weber, 70 S.D. 232, 16 N.W.2d 537. A contract may establish a relationship requiring exercise of proper care and acts or omissions in performance of such duty may give rise to a tort liability. Weeg v. Iowa Mutual Insurance Co., 82 S.D. 104, 141 N.W.2d 913. While the relationship and status of the parties had its origin in a contract the gist of the action sounds in tort and is based on his negligent conduct. Plaintiff's status was that of a passenger, not a guest, at the time of the accident and Hale's later disaffirmance of his employment agreement with Engbergs cannot relate back to avoid the liability for his negligence.

The views. of the Supreme Court of Oregon involving an action between an infant driver and a paying occupant are stated in Steenson v. Robinson, 236 Or. 414, 389 P.2d 27, as follows:

> "Whether or not an infant passenger can avoid his promise to pay a carrier for transportation, or an infant carrier can avoid a promise to transport, once the carrier-passenger relationship comes into being the carrier owes a duty to exercise due care. The status of the parties exists quite apart from the enforceability of their contracts."

The court in Ehrsam v. Borgen, 185 Kan. 776, 347 P.2d 260, reached the same result saying the statute should not be extended beyond correction of the evils (Schlim v. Gau, 80 S.D. 403, 125 N.W.2d 174) which it may be assumed were the reasons for its enactment, and it was never intended to create a greater evil than that which it attempted to correct.[2]

To permit the infant to use the doctrine of disaffirmance here to relieve him of his personal tort for which he is otherwise liable would be an extension of the guest statute we cannot sanction. We hold an 18-year-old minor may not, after his negligent conduct has caused damages, disaffirm his employment agreement so as to change the status of a passenger to that of guest.

Reversed.

HOMEYER, P. J., ROBERTS and HANSON, JJ., and BANDY, Circuit Judge, concur.

BANDY, Circuit Judge, sitting for RENTTO, J., disqualified.

2. Both courts discussed Brown v. Wood, 293 Mich. 148, 291 N.W. 255, 127 A.L.R. 1436, cited in Tennyson v. Kern, supra. A Michigan appellate court in Semmens v. Floyd Rice Ford, Inc., 1 Mich.App. 395, 136 N.W.2d 704, held a disaffirmance of a contract to purchase an automobile did not render the sale void ab initio and title did not remain in his vendor and make it liable as owner for damages caused by its negligent operation.