Ramon A. Roubideaux, Rapid City, S.D., for plaintiff.

Michael W. Day, Belle Fourche, S.D., for defendant.

---

**David G. JOHNSON, Plaintiff,**

v.

**VIKING INSURANCE COMPANY OF WISCONSIN, Defendant.**

**No. CIV. 88–5120.**

United States District Court,
D. South Dakota, W.D.

Feb. 7, 1989.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BATTEY, District Judge.

On November 10, 1988, defendant filed a motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff responded to defendant's motion on November 21, 1988, and defendant replied on November 25, 1988. On January 3, 1989, the Court entered an order converting defendant's 12(b)(6) motion to a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant filed its motion for summary judgment and supporting memorandum on January 13, 1989. Plaintiff's opposition was received on January 26, 1989, and defendant replied to plaintiff's opposition on February 1, 1989.

In reviewing a motion for summary judgment this Court applies the standard requiring that no genuine issue of material fact exists. *Palmer v. Tracor, Inc.*, 856 F.2d 1131 (8th Cir.1988). Summary judg-

ment pursuant to Rule 56 is proper where a party fails to make a showing of the existence of an essential element on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court, however, must view the evidence in the light most favorable to the opposing party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Moreover, the moving party must establish its right to judgment with such clarity that there is no room for controversy and the other party is not entitled to recover under any discernible circumstances. *Keys v. Lutheran Family & Children's Services of Missouri,* 668 F.2d 356 (8th Cir.1981).

The relevant facts in this case are that on October 17, 1984, plaintiff and the defendant's insured were involved in an automobile collision allegedly resulting in injuries and damages to the plaintiff. Plaintiff filed suit against defendant's insured on October 8, 1987, in state court. In that action defendant's insured denied any negligence and affirmatively alleged contributory negligence more than slight on the part of plaintiff. The state court action is presently pending and no judgment has been entered in favor of plaintiff.

In the present case plaintiff has brought a bad faith action against defendant for failure to make settlement within the policy limits. Plaintiff's claim is based on a contractual duty of good faith and fair dealing owed by defendant to the plaintiff. Plaintiff contends that defendant's willful breach of its duty of good faith and fair dealing gives rise to a bad faith cause of action in tort.

Plaintiff has merely made a conclusory allegation that defendant owed a contractual duty of good faith and fair dealing to a plaintiff. Plaintiff has failed to suggest any contractual relationship between plaintiff and this defendant. This Court finds there is no privity of contract and no cause of action for bad faith exists in this situation.

■ South Dakota law recognizes that all insurance contracts include a duty to act or deal in good faith, including a duty to settle claims without litigation in appropriate cases. *Helmbolt v. LeMars Mut. Ins. Co.,* 404 N.W.2d 55 (S.D.1987). An insurer's violation of its duty of good faith and fair dealing gives rise to the tort of bad faith, as well as a breach of contract. *In the Matter of the Certification of a Question of Law from the United States District Court, District of South Dakota, Western Division, Pursuant to the Provisions of SDCL 15–24A–1, and Concerning Federal Action Civ. 85–5086, Titled as Follows: Champion v. United States Fidelity & Guaranty Co.,* 399 N.W.2d 320 (S.D.1987).

■ The South Dakota Supreme Court in *Champion* clearly established that the tort of bad faith is dependent on an underlying contractual relationship between insurer and insured. The court adopted the following language:

> Conduct that is merely a breach of contract is not a tort. *The contract, however, may establish a relationship* demanding the exercise of proper care and acts and omissions in performance may give rise to a tort liability. *Weeg v. Iowa Mut. Ins. Co.,* 82 S.D. 104, 109, 141 N.W. 2d 913, 916 (1966).

*Id.* at 322 (emphasis added). In the case at hand, plaintiff refers to no contract which establishes a duty of good faith and fair dealing. Plaintiff's attempt to extend the law of *Champion* to this case overreaches. There is a subtle, but nonetheless substantial, distinction between an action by an injured employee against an employer's worker's compensation carrier and one by an injured member of the public seeking damages by reason of the alleged negligence of a liability carrier's policyholder. In the former, liability is premised upon the employment relationship while in the latter the policyholder's fault must be judicially established as a predicate to liability. The question of whether in South Dakota a cause of action for bad faith exists against such a liability carrier after fault has been so determined, judicially or otherwise, is not the issue here. Without a determination of liability, no duty exists. Absent

such a duty, a liability carrier has a legitimate right to negotiate an unliquidated claim.

Plaintiff's claim is premature. Should he recover a judgment and defendant fail to pay the same under its contractual obligation to its insured, there would be no question of bad faith to be litigated. The payment of the judgment would then moot such a claim.

It is apparent in the *Champion* decision that the South Dakota Supreme Court viewed the case as a first party claim rather than that of a third party beneficiary claim. The court considered the existence of a bad faith cause of action in relation to SDCL 58–12–3. That statute states in part that it "shall not be construed to bar any other remedy, whether in tort or contract, that an *insured* may have against the same insurance company arising out of its refusal to pay such loss." (Emphasis added.) Considering the unique provisions of South Dakota's workers' compensation laws, it is obvious that in the employment setting, the employee is considered the insured rather than a third party beneficiary of the policy as is the plaintiff in the present action. Plaintiff's reliance on *Helmbolt*, 404 N.W.2d 55, is completely misplaced. In *Helmbolt*, not only is there an absence of a third party beneficiary plaintiff, but both the plaintiff and the tortfeasor were the insureds of the defendant insurance company. The necessary privity of contract was abundant in *Helmbolt*, unlike the present case, where privity of contract is nonexistent.

Plaintiff has failed to cite any authority supporting a third party cause of action against an insurer. The Court therefore finds that no genuine issue of material fact exists in this case. Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that this case be dismissed with prejudice.