Gerald D. SIMKINS, Appellant,

v.

**GREAT WEST CASUALTY COMPANY, Appellee.**

No. 86–5477.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1987.

Decided Oct. 22, 1987.

---

Mark F. Marshall, Rapid City, S.D., for appellant.

William G. Porter, Rapid City, S.D., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Gerald D. Simkins (Simkins) appeals from the judgment of the district court[1] granting summary judgment in favor of Great West Casualty Company (Great West). We affirm.

Simkins injured his back while working for Barber Transportation (Barber) in Rapid City, South Dakota, on September 27, 1982. Simkins returned to work in late October. Great West, Barber's workers' compensation insurance carrier, paid all of Simkins' medical expenses and temporary total disability benefits for this period. In May of 1983, Simkins notified Great West of a relapse. Great West investigated this claim and resumed temporary total disability payments to Simkins. From May 3, 1983, until January, 1984, Great West paid Simkins more than $8,000 in temporary total disability, as well as paying Simkins' medical bills.

At Great West's request, a medical doctor examined Simkins in December of 1983. The doctor found Simkins fit to resume light work on January 1, 1984, and gave him a ten percent permanent partial disability rating. Great West then advised Simkins that it was ceasing temporary total disability payments and commencing permanent partial disability payments. Great West additionally advised Simkins that these latter payments could be made in a lump sum. Simkins requested a lump sum payment. Soon afterwards, Great West halted his weekly payments, and attorneys for both sides began settlement negotiations. After many months of negotiations, notable only for the long passages of time between communications, Simkins filed this action in district court on January 10, 1986, alleging that Great West's termination of periodic payments after he indicated he wanted a lump sum payment amounted to a bad faith failure to pay a valid claim.

We have previously interpreted the pertinent South Dakota statutes as implicitly recognizing a tort cause of action for bad faith failure to pay a valid claim against an insurance company. *Hollman v. Liberty Mut. Ins. Co.*, 712 F.2d 1259, 1261 (8th Cir.1983). This interpretation has been endorsed by the South Dakota Supreme Court. *Champion v. United States Fidelity and Guar. Co.*, 399 N.W.2d 320, 323 (S.D.1987). The South Dakota Supreme Court has adopted the test for bad faith set forth originally in *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368 (1978), which requires a plaintiff to demonstrate "an absence of a reasonable basis for denial of policy benefits *and* the knowledge or reckless disregard of a reasonable basis for a denial," and which provides that an insurance company will be held liable only when it "intentionally denie[s] * * * a claim without a reasonable basis," *id.* 271 N.W.2d at 377 (emphasis retained). *See Champion*, 399 N.W.2d at 324.

Great West's termination of periodic payments in response to Simkins' request for a

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

lump sum payment cannot be said to have been without a reasonable basis and therefore did not amount to a bad faith refusal to pay a valid claim. In *Hollman,* this court held that the plaintiff had stated a cause of action for bad faith by establishing that the defendant had withheld evidence and pursued a dilatory appeal even after receiving directives from its home office to make a payment to plaintiff. *Hollman,* 712 F.2d at 1260. In *Coleman v. American Universal Ins. Co.,* 86 Wis.2d 615, 273 N.W.2d 220 (1979), the defendant acknowledged that the arbitrary and intentional termination of benefits to an injured worker undisputedly entitled to compensation amounted to bad faith. *Id.* 273 N.W.2d at 221–22.

Here, Great West engaged in bona fide settlement negotiations, begun at Simkins' request, concerning a legitimately disputed sum. Great West's good faith is evidenced by the close proximity of its settlement offer to the final settlement. Great West at no time refused to make any liquidated payment and in fact had a history of prompt payment in this case. Additionally, Simkins at no time suggested that he was suffering any hardship as a result of the termination of periodic payments, and he made no request for resumption of the payments until the day he filed this action. In short, there is absolutely no evidence that both sides were not negotiating freely.

Simkins' allegations of bad faith are unsupported by factual evidence. A non-movant must demonstrate the existence of a *"genuine* issue of *material* fact" in order to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis retained); Fed.R.Civ.P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of [its] pleading, but * * * must set forth specific facts showing that there is a genuine issue for trial"). Simkins has not met this burden.

**2.** Similarly, Simkins' motion for permission to file a motion for reconsideration with the dis-

The judgment of the district court is affirmed.[2]