Sherwin MITZEL, Appellant,

v.

EMPLOYERS INSURANCE OF WAU-
SAU, a Mutual Company, Appellee.

No. 88–5259.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1989.
Decided June 23, 1989.

Ronald Clabuagh, Rapid City, S.D., for appellant.

Thomas G. Fritz, Rapid City, S.D., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Sherwin Mitzel appeals from a district court[1] judgment dismissing his cause of action against Employers Insurance of Wausau (Wausau) for the insurer's bad faith refusal to pay workers' compensation benefits and expenses. For reasons discussed below, we affirm.

## I. BACKGROUND

Sherwin Mitzel suffered a work-related injury in December 1979 when a small piece of fiberglass lodged under his left thumbnail. The thumb became infected and, in an attempt to relieve his complaints of pain, Mitzel underwent several surgical procedures. From the outset, Wausau, the insurance company of Mitzel's employer

---

1. The Honorable Andrew W. Bogue, United States Senior District Judge for the District of South Dakota.

Robbins & Stearns Lumber Company, began making temporary total disability payments and promptly paid the medical expenses Mitzel incurred immediately following the accident. When Wausau learned in April 1981 that Mitzel had received a 15% permanent partial disability rating for his thumb, Wausau continued temporary total disability payments but offered to substitute a permanent partial disability award.

Mitzel disputed the amount due him for the partial disability award and filed a petition for a hearing on his workers' compensation claim with the South Dakota Department of Labor, alleging entitlement to total permanent disability. Mitzel's attorney then proposed a lump sum settlement which Wausau refused.

In December 1984 Mitzel's new physician assigned a new permanent partial disability rating of 62% to Mitzel's thumb, along with a 5% rating to Mitzel's ankle which had served as the donor site for a nerve graft to the thumb. In April 1985 Wausau accepted these ratings, discontinued the temporary total disability payments and offered to settle the case for approximately $15,000. Wausau conditioned the award upon a full release of all claims and a dismissal of the workers' compensation claims. Mitzel refused to execute the release. He then sent updated medical information regarding the rating to Wausau to support his claim for a larger money award. Both parties dispute whether Mitzel's rejection of the offer at this time resulted from Wausau's demand for a full release of claims or from Mitzel's insistence that his thumb injury caused total, rather than partial, permanent disability.

While the negotiations progressed, Mitzel submitted expense vouchers for treatment he had received at the Mayo Clinic in 1985. At first, Wausau refused to pay them because they had not received Mitzel's medical records to substantiate his reimbursement claims. After Wausau received the medical information, it reimbursed Mitzel for these expenses. In October 1986 the parties settled the disputed disability award for an amount slightly over $50,000.

At some point during the negotiation process, Mitzel filed this diversity action, alleging that Wausau acted in bad faith by refusing to pay benefits or reimburse him for his medical expenses during the period from April 1985 to October 1986. At the close of Mitzel's case, the district court granted Wausau's motion for directed verdict and dismissed Mitzel's case. This appeal followed.

## II. DISCUSSION

■ Mitzel contends that Wausau acted unreasonably in failing to pay him benefits and expenses because his claim was not the subject of a legitimate dispute. Mitzel contends that the 62% partial disability rating was undisputed inasmuch as Wausau had made an offer to settle the claim based on this rating. By forcing Mitzel to wait eighteen months between the time it had received and approved this rating and the time it actually paid disability benefits, Wausau acted in bad faith.

The district court rejected this argument, determining that the testimony before it presented no factual basis to support a jury verdict for Mitzel on bad faith refusal to pay Mitzel's claim for permanent partial disability in a timely fashion.

A workers' compensation carrier is not liable for bad faith under South Dakota law when it engages in negotiations over a legitimately disputed sum. *See Simkins v. Great West Casualty Co.*, 831 F.2d 792, 793 (8th Cir.1987). Only where the carrier intentionally denies or fails to pay a claim will liability attach. *See Champion v. United States Fidelity and Guar. Co.*, 399 N.W.2d 320, 324 (S.D.1987); *see also, Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 271 N.W.2d 368, 377 (1978). Further, bad faith will be found against the carrier only if the plaintiff can prove: (1) the absence of a reasonable basis to deny benefit payments; and (2) knowledge or reckless disregard of the absence of a reasonable basis to deny benefit payments. *See Champion*, 399 N.W.2d at 324.

In this case Wausau had received different medical evaluations from two different physicians regarding the extent of Mitzel's

disability. Additionally, Wausau could not readily verify Mitzel's claim for treatment at the Mayo Clinic. For these reasons, it cannot be said that no legitimate dispute existed over the amount to be awarded. In turn, this legitimate dispute served as a reasonable basis to deny payments for benefits and expenses. Therefore, the district court properly concluded as a matter of law that Wausau had not acted in bad faith.

Mitzel argues that Wausau nevertheless should have paid periodic disability benefits on the basis of some conceded permanent disability of the thumb, notwithstanding that the parties were negotiating for settlement based on greater demands by Mitzel.[2]

This contention fails because the negotiations by the parties related to a demand by Mitzel for a lump sum settlement. The insurer had offered a lump sum settlement for a 62% permanent impairment of the thumb and required a full release, but Mitzel rejected that offer.

Bad faith is not shown where periodic payments cease when a lump sum settlement has been demanded by the worker without a specific request for resumption of periodic payments for an undisputed amount of permanent partial disability.[3] *See Simkins*, 831 F.2d at 794.

In this case, the district court applied its understanding of South Dakota law to undisputed facts. Mitzel demonstrates no error in the trial court's application of South Dakota law to those facts and, from our review, Judge Bogue's ruling granting the directed verdict on the issue of bad faith comports with existing precedents. *See Simkins*, 831 F.2d at 793–94.

■ Mitzel also asserts trial error by the district court in quashing his subpoena calling Wausau's expert to testify on his behalf regarding the proper procedures employed in paying workers' compensation claims. The expert had formed these opinions in his capacity as the former Director of the South Dakota Department of Labor. The trial court's ruling on this matter rested within its proper discretion. *See Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir.1980) (per curiam); *Kaufman v. Edelstein*, 539 F.2d 811 (2d Cir.1976). Because no abuse of discretion has been shown, the ruling will remain undisturbed.

■ In a post-trial motion seeking relief from the judgment under Fed.R.Civ.P. 60(b), Mitzel contended that misrepresentations made by Wausau's counsel prevented his attorney from calling, as a live witness, one of Wausau's employees. The district court's order denying relief under Rule 60(b) will be affirmed. Even assuming misrepresentations, which is disputed, no prejudice is shown because the deposition of that witness was read into evidence.

### III. CONCLUSION

Accordingly, we affirm.

■

---

**2.** At oral argument, Mitzel's counsel contended that even if Wausau legitimately disputed the difference between an award at the 15% rating and one at the 62% rating, Wausau had an obligation to pay Mitzel the amount owed him for the 15% rating of his thumb and the 5% rating of his ankle because neither of these ratings were in dispute. By conditioning payment of the amount not in dispute (the 15% and 5% ratings) upon the amount in dispute (the difference between the 15% and 62% ratings plus any rehabilitation benefits), Mitzel claims Wausau acted in bad faith.

**3.** If it were clear from the record, which it is not, that periodic payments for permanent partial disability were sought, the *Simkins* case would likely not apply to that situation.

In this case, Mitzel personally did request reimbursement from the insurer for "compensation." The record does not indicate whether the request related to partial disability weekly allowances rather than a lump sum allowance or for a continuance of temporary total disability payments.