# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1959

_____

| | | |
|---|---|---|
| Miscellaneous Docket Matter #1, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the District of Minnesota. |
| Miscellaneous Docket Matter #2, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  October 20, 1999

Filed:   December 10, 1999

_____

Before BOWMAN, ROSS and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

ROSS, Circuit Judge.

Appellants are plaintiffs in a class action gender discrimination suit filed against West Publishing Company (West) in the Middle District of Florida.  Carter v. West Publ'g Co., No. 97-CV-2537 (M.D. Fla. filed Oct. 16, 1997).  They appeal from an order of the district court[1] entered in an ancillary proceeding quashing a subpoena on

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, affirming an order of Magistrate Judge John M. Mason.  See Fed. R. Civ. P. 72(a).

Dwight Opperman, West's former chief executive officer and president.[2] We affirm.

## BACKGROUND

The background leading to this appeal is as follows. In September 1997, Kim Gosche, a former West salesperson, filed a Title VII, Equal Pay Act (EPA), and breach of contract suit against West in Colorado district court, alleging gender discrimination in its stock ownership program. In October 1997, Paula Carter and Maxine Jones, former West employees who were represented by one of Gosche's lawyers, filed a class action Title VII and EPA complaint in Florida, also alleging gender discrimination in the stock ownership program. West's counsel and appellants' counsel agreed that depositions taken in the Colorado or Florida case could be used in either case. In the Gosche case, Opperman was deposed in Colorado for about nine and one-half hours over two days. Before the second day, West's counsel wrote appellants' counsel requesting that any questions relating to the Florida action should be asked at the deposition, pointing out that Fed. R. Civ. P. 45 required parties to avoid imposing undue burdens. At the conclusion of the second day, appellants' counsel stated he had no further questions and "want[ed] to conclude the deposition in its entirety."

Pursuant to a protective order, Opperman was not asked questions regarding any romantic or sexual relationships he or other West executives may have had with West's female employees. However, after the order was modified and affirmed to permit Opperman to be "asked if he had a sexual relationship with any female to whom he decided to issue shares of stock within the relevant time period," Gosche sought to schedule another deposition of Opperman in Minnesota. Opperman then filed an ancillary action in Minnesota district court seeking to quash the subpoena. The court granted his motion, holding that another deposition would constitute an undue burden and subject Opperman to an invasion of privacy and embarrassment, citing Fed. R. Civ.

---

[2]Although the district court sealed the proceedings, previously we have denied Opperman's motion to proceed in camera.

P. 26(c) and 45(c).  Gosche, who settled her suit with West, did not appeal the order.

As to this appeal, in September 1998 appellants served a subpoena on Opperman to appear for a deposition in Minnesota.  Opperman filed a motion to quash under Rules 26 and 45, asserting another deposition would be an undue burden since it would be duplicative and irrelevant.  He also argued that appellants' intent in scheduling another deposition was to embarrass and harass him as evidenced by the fact that appellants had hired a public relations spokesperson and had issued press releases accusing Opperman of sexual harassment.

After balancing appellants' need for the information with the burden on Opperman, the district court granted the motion to quash.  As to appellants' need, the court held that an inquiry into a "sex for stock" claim would be irrelevant and an inquiry into whether the relationships were nonconsensual would be of only limited relevancy, which was outweighed by the burden on Opperman, who, as a nonparty, was entitled to special protection.  As to harm to Opperman, the court noted it could not ignore the fact that appellants had hired a press spokesperson and issued press releases, and as in the Gosche case, the proposed area of inquiry would unduly embarrass and harass Opperman and invade his privacy.  As an additional ground for granting the motion, the court believed another deposition would subject Opperman to an undue burden because appellants' counsel had the opportunity to ask questions relating to sexual harassment and matters relating to the Florida suit during the Colorado deposition, but failed to do so.  The court noted West's counsel's letter to appellants' counsel requesting all questions for both the Colorado and Florida actions be asked at the second day of the Colorado deposition, appellants' counsel's lack of response and his firmness in wanting to conclude Opperman's deposition.

## DISCUSSION

Initially, we note our jurisdiction to review the order quashing the subpoena in the ancillary proceeding.  Although ordinarily discovery orders in pending cases are

interlocutory and not subject to immediate appeal, in this case, because the ancillary proceeding involves a nonparty and the main action is pending in a district court outside this Circuit, appellants would have no "means, other than an immediate appeal, to obtain appellate review." Hooker v. Continental Life Ins. Co., 965 F.2d 903, 905 (10th Cir. 1992). Thus, under the collateral order doctrine we have jurisdiction to review the order quashing the subpoena. See Id.; see also In re Subpoena Served on California Public Utilities Comm'n, 813 F.2d 1473, 1476 (9th Cir. 1987) (jurisdiction to review order "issued by a district court in favor of a nonparty in connection with a case pending in a district court of another circuit") .

We also note our standard of review. Appellants concede that we review motions to quash for an abuse of discretion, see Mitzel v. Employers Ins. of Wausau, 878 F.2d 233, 235 (8th Cir. 1989), and that "[t]his standard applies equally to discovery sought in a proceeding ancillary to the principal action." Marine Petroleum Co. v. Champlin Petroleum Co., 641 F.2d 984, 991 (D.C. 1979). This deferential standard means "that the court has a range of choice, and its decision will not be disturbed as long as it stays within that range[,] is not influenced by any mistake of law" or fact, or makes a clear error of judgment in balancing relevant factors. McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1403 (8th Cir. 1994) (internal quotation omitted). Our review of the record convinces us that the district court did not abuse its discretion.

Although the federal rules permit liberal discovery, it "is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). "It is clear from experience that pretrial discovery by depositions . . . has a significant potential for abuse." Id. "This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties." Id. at 34-35. Because of liberal discovery and the potential for abuse, the federal rules "confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required." Id. at 36. Fed. R. Civ. P. 26(c) provides that "for good cause

shown, the court . . . in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 45(c) provides that a court shall quash or modify a subpoena if it "subjects a person to undue burden."

The district court correctly recognized that discovery may not be had on matters irrelevant to the subject matter involved in the pending action, see Fed. R. Civ. P. 26(b)(1), and "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis omitted).

As to appellants' need, the court did not err as a matter of law in holding that an inquiry into voluntary relationships would be irrelevant, see DeCintio v. Westchester County Med. Center, 807 F.2d 304, 308 (2d Cir. 1986) ("voluntary, romantic relationships cannot form the basis of a sex discrimination suit under either Title VII or the Equal Pay Act"), cert. denied, 484 U.S. 825 (1987); see also Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366, 1370 (10th Cir. 1997) (no Title VII liability where "supervisor preselected his paramour for a [promotion] even though she was less qualified than either Plaintiff").

Nor did the court abuse its discretion in holding that any proposed inquiry into whether the relationships were nonconsensual would be outweighed by the harm to Opperman. We agree with appellants that Opperman had the burden to demonstrate good cause for issuance of the order and that his claim of harm must be based on more than stereotypical and conclusory statements. General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974). We, however, disagree with their assertion that Opperman did not satisfy his burden or that the district court gave his claim only minimal scrutiny. "While preventing

embarrassment may be a factor satisfying the 'good cause' standard, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3rd Cir. 1994) (internal quotation omitted). Although appellants would have liked the district court to ignore the fact that they had issued press releases accusing Opperman of sexual harassment, it did not and could not. See Seattle Times, 467 U.S. at 35 ("There is an opportunity . . . for litigants to obtain -- incidentally or purposefully -- information that not only is irrelevant but if publicly released could be damaging to reputation and privacy."); Pansy, 23 F.3d at 787 (in balancing competing interests under Rule 26 "a factor to consider is whether the information is being sought for . . . an improper purpose").

At oral argument, appellants did not dispute that they had hired a press spokesperson and issued press releases, but justified their actions in light of a local rule which prevented them from contacting potential class members. See M.D. Fla. R. 4.04(e). They also did not dispute that they circulated to the press a declaration filled with lurid details of a woman who claimed Opperman had harassed her, but could offer no real justification for this action.[3] We can see no purpose in circulating the declaration other than to harass and embarrass Opperman. We remind appellants that "[d]iscovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public." Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982), cert. denied, 460 U.S. 1051 (1983). "[D]istrict courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' " Herbert v. Lando, 441 U.S. 153, 177 (1979) (quoting Rule 26(c)). This is such a case.

Appellants also argue that the district court abused its discretion by focusing solely on the sexual aspects of their proposed inquiry and neglecting their need for

---

[3]We grant appellants' and Opperman's pending motions to supplement the record.

information relating to stock ownership claims in the Florida action. They are incorrect. The court also held that, apart from protecting Opperman from embarrassment, quashing the subpoena on undue burden grounds was warranted because appellants had the opportunity to ask questions concerning harassment and nonharassment matters pertaining to the Florida case at the Colorado deposition, but did not do so. Although appellants argue the district court erred in apparently believing that their lack of response to West's letter proposing a single deposition showed their agreement, we do not read the court's opinion in that manner. Rather, we read it as holding only that quashing was warranted because appellants did not fulfill their duty under Rule 45 to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Moreover, as the court noted, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998); see also Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774, 779 (9th Cir. 1994) (nonparties are afforded "special protection against the time and expense of complying with subpoenas").

The district court believed it was reasonable for appellants to have asked the questions about harassment and nonharassment matters at the Colorado deposition because the protective order did not forbid such questions. The court also noted that appellants' counsel, who also represented Gosche, appeared at the deposition; both cases concerned discrimination in the stock ownership plan; and despite West's reminder of Rule 45's obligation, at the end of the second day of the deposition appellants' counsel stated he wanted "to conclude the deposition in its entirety." As the Supreme Court has stated, because discovery rules should " be construed to secure the just, speedy, and inexpensive determination of every action' . . . judges should not hesitate to exercise appropriate control over the discovery process." Herbert, 441 U.S. at 177 (quoting Fed. R. Civ. P. 1); see also Oliveri v. Rodriguez, 122 F.3d 406, 409 (7th Cir. 1997) ("Pretrial discovery is time-consuming and expensive . . . and judges are to be commended . . . for keeping tight reins on it.") cert. denied, 118 S. Ct. 1040 (1998).

In the circumstances of this case, the district court did not abuse its discretion in quashing the subpoena.

Accordingly, we affirm the district court's order.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT