SMITH, Respondent, v. WEBER, Appellant

(16 N. W.2d 537.)

(File No. 8699. Opinion filed December 9, 1944.)

See also 69 S. D. 509, 12 N .W.2d 317.

**Danforth & Danforth,** of Sioux Falls, for Appellant.
**Louis H. Smith, Boyce, Warren & Fairbank,** and **John S. Murphy,** all of Sioux Falls, for Respondents.

ROBERTS, J. This is an action brought to recover damages, both active and punitive. From judgment entered on a verdict for plaintiff and orders denying motions for a new trial, defendant appeals.

The first count of the complaint after setting forth the relationship of landlord and tenant between defendant and plaintiff alleges that "during the month of January, 1943, and while plaintiff was in lawful possession of said premises,

the defendant, after threats to force the removal of the plaintiff therefrom, willfully, maliciously, oppresively, wrongfully, intentionally, negligently and carelessly began a preconceived plan of oppression for the sole purpose of forcing plaintiff to remove from said premises and as a means of carrying out said plan and scheme burned rubbish and garbage in the furnace of said building and commenced other repairing and remodeling, all without any protection to this plaintiff and his property, and did thereby cause a greasy soot, smoke, gas, dust and filth to come up through the heating plant of said building and to permeate into said apartment, and to come through the doors and other openings to said apartment, all of which settled on and became imbedded in the furniture, clothing, curtains, shades, bedding and personal property of the plaintiff, thereby causing the plaintiff damage in the sum of Fifteen Hundred ($1,500) Dollars, no part of which has been paid."

In other counts of the complaint there is an adoption of the allegations of the first and allegations to the effect that defendant intentionally, maliciously and wrongfully turned off heat and water and disconnected the electric lights and telephone in the apartment rendering the same uninhabitable.

Defendant answered, denying all the allegations of complaint except as specifically admitted. Defendant admitted that he was the owner of the apartment and that plaintiff was a tenant during the month of January, 1943, and alleges that commencing in that month "the defendant began the making of certain remodelling and certain changes as to the building of which said apartment was a part, all of which work was done by the defendant, his servants and agents in good faith and with reasonable care not to disturb the plaintiff and said work was in fact completed without any damage, injury or annoyance whatsoever to the plaintiff."

It is the contention of the defendant that the complaint is based upon contract, negligence and willful injury and that these several causes of action have been improperly united. The fact that there existed a contract between the parties does not limit the remedy to an action on the contract. The law imposes the obligation that every person is

bound, without contract, to abstain from injuring the person or the property of another or infringing upon any of his rights. SDC 47.0301. In the case of Jones v. Kelly, Cal. App., 274 P. 368, it was claimed that a complaint alleging that a defendant landlord after having rented to plaintiffs a dwelling house, including a supply of water for domestic purposes, maliciously, oppressively and wantonly disconnected the water supply, stated a cause of action for breach of contract. The District Court of Appeals sustained such contention. The Supreme Court reversed the judgment with directions to overrule the demurrer to the complaint. Jones v. Kelly, 208 Cal. 251, 280 P. 942, 943. In disposing of the case the court said:

"The situation as presented by the pleadings, we think, is well encompassed by the following exerpt from Rich v. New York Central & H. R. R. R. Co., 87 N. Y. 382; 'It may be granted that an omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty. But such legal duty * * * may spring from extraneous circumstances, not constituting elements of the contract as such, although connected with and dependent upon it, and born of that wider range of legal duty which is due from every man to his fellow, to respect his rights of property and person, and refrain from invading them by force or fraud.' A tort may grow out of or make part of, or be coincident with a contract. The fact that there existed a contract between the plaintiffs and the defendant would not immune the latter from the penalty that is ordinarily visited upon tortfeasors. * * * The water supply which furnished said residence at the time plaintiffs leased said premises and went into possession and during the whole period of occupancy formed a material part of the estate, and, if disturbed in the manner alleged in the complaint, would amount to tortious conduct on the part of defendant."

■ ■ It may be conceded that tort usually signifies a breach of legal duty independent of contract. But such breach of duty may arise out of a relation or state of facts created by contract. Cooley on Torts, 4th Ed., § 60; John Moodie Dry Goods Co. v. Gilruth, 35 S. D. 567, 153 N. W. 383. While the matters complained of by plaintiff had their origin

in a contract, the gist of the action is for alleged wrongful and tortious acts of defendant.

██ ██ This brings us to a consideration of the claim that the complaint alleges both willful injury and negligence and that the court should have compelled the plaintiff to proceed upon one theory or the other. This contention is founded upon the allegation that defendant did certain acts "willfully, maliciously, oppressively, wrongfully, intentionally, negligently and carelessly." There is a distinction between ordinary negligence and willful injury. Endorf v. Johnson, 59 S. D. 549, 241 N. W. 519. The former is characterized by inadvertence and the latter by advertence; "negligence arises from inattention, thoughtlessness, or heedlessness, while willfulness cannot exist without purpose or design. No purpose or design can be said to exist where the injurious act results from negligence, and negligence cannot be of such a degree as to become willfulness. * * * Willfulness and negligence are the opposites of each other; the former signifying the presence of intention, and the latter its absence." Cleveland, C., C. & St. L. Ry. Co. v. Miller, 149 Ind. 490, 49 N. E. 445, 449. To allege that an act was done willfully and negligently is to assert that the act was done intentionally and at the same time inadvertently. The multiplicity of adverbs was apparently employed without an appreciation that a claim for an injury willfully inflicted differs from a claim for an injury attributable to negligence. The complaint, however, alleges that defendant "began a preconceived plan of oppression for the sole purpose of forcing plaintiff to remove" from the leased premises and that the acts complained of were done pursuant to such plan. When the allegations of the complainant are construed as an entirety, it cannot be doubted that the conduct imputed to defendant is willful and that the complaint states a cause of action for willful injury.

It is contended that the court erred in its instructions to the jury. It appears from the record that these claims of error were not urged in the first motion for new trial, but were presented for the first time in the second motion. The position of the plaintiff is that the ruling on the first motion had become final so far as the trial court was concerned and

that the numerous objections to the giving and refusal of instructions not having been timely presented to the trial court as a prerequisite for consideration on appeal (SDC 33.0710) cannot now be reviewed. We do not find it necessary to consider such contention. The point made by defendant is that the instructions "permitted one group of jurors, if they so desired, to find for the plaintiff on the theory of negligence, another group of jurors to find on the theory of a breach of contract and another group of jurors on the theory of intentional act." The case presented no complicated legal questions and a careful consideration of the instructions leads to the conclusion that they clearly and comprehensively stated the claims of the parties and there is no merit to defendant's contention that the instructions were objectionable because they permitted recovery for negligence and breach of contract.

Defendant contends that the court erred in permitting plaintiff to testify as to the illness of his wife and as to the amounts that he paid for medical and hospital services because of her illness. Plaintiff testified that his wife was treated for a throat infection. Defendant objected on the ground that this called for the opinion or conclusion of a nonexpert witness. A witness need not be an expert in medical matters to testify to the physical condition of another as to his health or sickness. 32 C. J. S., Evidence, § 513; Gartner v. Mohan, 41 S. D. 406, 170 N. W. 640. Defendant objected to the admission in evidence of the amounts charged and paid for medical services on the ground that there was no casual connection between the ailment for which Mrs. Smith was treated and the acts complained of. It is clear that only such expenses as are reasonably incurred and are the proximate result of defendant's wrongful acts are recoverable. Plaintiff testified as to the illness of himself and his wife caused by failure of the landlord properly to heat the apartment and the emission of gas therein from a heating plant. We think that a casual connection with reasonable certainty was established and that the court did not err in admitting in evidence the amounts paid for medical and hospital expenses.

It may be stated as a general rule that in damage actions in which compensatory damages are recoverable evidence to show the wealth of either the plaintiff or the defendant is not admissible except in those cases where the position of either of the parties is necessarily involved in determining the damage sustained. Evidence of defendant's pecuniary circumstances is admissible where the case is such as will justify the award of exemplary damages. Smith v. Smith, 42 S. D. 205, 173 N. W. 843; Bogue v. Gunderson, 30 S. D. 1, 137 N. W. 595, Ann. Cas. 1915B, 126; Lyons v. Thomas, 63 S. D. 334, 258 N. W. 133. We think that evidence of defendant's pecuniary circumstances was admissible in this case. Defendant sought to prove the wealth and financial standing of plaintiff and assigns the adverse ruling of the court as error. The authorities are in conflict as to whether such evidence is admissible. 25 C. J. S., Damages, § 126, p. 743. We think, as was said in Griser v. Schoenborn, 109 Minn. 297, 123 N. W. 823, that the wealth of the plaintiff cannot be the measure of the punishment to be inflicted on the defendant in assessing punitive damages and that evidence of plaintiff's financial condition is not admissible. See also Sedgwick on Damages, 9th Ed., § 385; Robertson v. Conklin, 153 N. C. 1, 68 S. E. 899, 138 Am. St. Rep. 635, 21 Ann. Cas. 930; Herstein v. Kemker, 19 Tenn. App. 681, 94 S. W. 2d 76.

Defendant asserts that the verdict of the jury is not sustained by sufficient evidence and also complains of the ruling of the trial court as to the admission of a letter written by defendant and published in the Sioux Falls Argus Leader. The letter introduced in evidence over objection during the cross-examination of the defendant criticized the regulation of rentals in Sioux Falls by the OPA and urged landlords to form an association asserting that "there are a lot of things we can do if we are organized." Introduction of the letter was objected to on the grounds that "it is simply a discussion as to the present policies or regulations of agents and others employed by the federal bureaucracy, and simply opening here a controversy that, if we are going to try to decide that, this will be a prolonged trial." Respondent contends that the objection was insufficient upon which to predicate error, if any; that defendant cannot complain of the

admission of the letter in evidence having brought out its contents in part in making objection thereto; and that defendant not having presented this objection on the first motion for new trial and being concluded as to all matters that could have been presented on such motion cannot now urge that it was error to admit the letter in evidence. We have carefully examined the record. We find ample competent evidence to establish the fact of malice which was sought to be shown by the letter and sufficient evidence to sustain the verdict. If it be assumed that this evidence was inadmissible, its bearing on the matters in controversy was so slight that prejudice could not have resulted from its admission.

The judgment and orders appealed from are affirmed.

All the Judges concur.