WEEG et al., Respondents

v.

IOWA MUTUAL INSURANCE COMPANY, Appellants

(141 N.W.2d 913)

(File No. 10284. Opinion filed April 28, 1966)

**Gene E. Pruitt and Acie W. Matthews,** Sioux Falls, for defendant and appellant.

**Danforth, Danforth & Johnson, T. R. Johnson,** Sioux Falls, for plaintiffs and respondents.

ROBERTS, Judge.

Plaintiffs, operators of a trailer court, instituted a declaratory judgment proceeding to determine whether they were insured under a liability policy against an accident occurring on February 27, 1964 and causing the death of the child, Michael Gaul. The defendant is the Iowa Mutual Insurance Company which had issued a policy agreeing to pay on behalf of the insured plaintiffs all sums which the insured might become obligated to pay as damages on account of personal injury or death caused by accident and arising out of the hazards therein defined. The insurer defended on the grounds that there was no liability imposed by law upon the insured for the death of the infant; that the liability was assumed by them under contract; and that the policy excludes from coverage a liability so assumed. Defendant insurer has appealed from the judgment in favor of plaintiffs.

The Greenlee Packing Company was the owner and operator of a packing plant on land adjoining that on which Olaf Weeg and his son Donald operated the trailer court. On the premises owned by the packing company were certain "lagoons" which were used by the company for the disposal of refuse from their slaughtering operations. Some time prior to the policy period commencing March 15, 1963, plaintiffs entered into a written agreement with the Greenlee Packing Company whereby they

were granted the right to dispose of sewage from their premises into the lagoons. By paragraph 4 of this contract (Exhibit 2) the plaintiffs obligated themselves as follows: "Second parties agree to immediately erect and install a fence along the boundary line separating the premises of the first party and the premises of the second parties, which said fence shall be of sufficient strength and size so as to keep all persons away from and out of the premises owned and operated by first party and on which the lagoons aforereferred to are located."

The fence in question was partially removed by Fred N. Wilcox, an employee of the plaintiffs and also named as a defendant in the wrongful death action. Plaintiff Donald Weeg testified as follows: "Q. Mr. Weeg, pursuant to Exhibit 2, you or your employees did construct and install this fence referred to in Exhibit 2, did you not? A. Yes. Q. And you also undertook the maintenance of that fence? A. Yes. Q. And then as alleged in your complaint in this action this fence was removed by an employee of yours sometime during 1963 or 1962? A. The date I am not sure but yes my employee did take it down. Q. And the fence was down at the time of the death of the young Michael John Gaul? A. Yes."

In a wrongful death action brought by Alvin Gaul, father of the deceased child, against the Greenlee Packing Company, Olaf Weeg and Fred N. Wilcox, it was claimed that defendants recognizing the danger of the lagoons or filtering pool to the many children in the area agreed to construct and maintain the fence so that no young child could get near the filtering pool; that defendants because of negligence allowed the fence to remain down and did not take any steps to prevent young children from wandering into the vicinity where the dangerous filtering pool was located; and the child wandered into the immediate vicinity of the pool and because of the negligence of the defendants in failing to keep the pool fenced got into the pool and drowned. The Greenlee Packing Company served a cross claim on Olaf Weeg and Fred N. Wilcox alleging a breach of the contract defining the rights of the plaintiffs in the proceedings at bar to use a portion of the filtering pool and demanding a

determination of the relative degree of fault of the packing company, if any, and the other defendants and of rights of contribution. The testimony offered in the instant proceeding consisted of that of Donald Weeg. The court otherwise based its findings upon the pleadings and exhibits of record. The pertinent parts of the court's findings are as follows:

"That said defendant insurer employed counsel herein mentioned and defended such (wrongful death) action in the trial court, yet orally denying liability.

"That the defendant insurer herein, through its counsel and on behalf of Olaf Weeg and said Fred N. Wilcox, served and filed an Answer to plaintiff's Amended Complaint, a true photostatic copy of which is marked Exhibit '6', and as annexed to the plaintiffs' Complaint was offered and received in evidence, and by this special reference is made a part hereof, and also served and filed an Amended Reply to the pleading of the defendant Greenlee Packing Company, a true photostatic copy of which is marked Exhibit '7', and as annexed to the plaintiffs' Complaint was offered and received in evidence, and by this special reference is made a part hereof.

"That following the trial of said action, the jury returned a verdict, and as annexed to the plaintiffs' Complaint was offered and received in evidence, and by this special reference is made a part hereof. That the damages as so awarded were allocated as follows:

Greenlee Packing Company..............60%............$9,000.00
Olaf Weeg.................................................15%............ 2,250.00
Fred N. Wilcox...........................................25%............ 3,750.00

"That evidence introduced in the said 'wrongful death' action and in this action shows that the fence in question was partially removed for a period over a month preceding February 27, 1964, and that during such

period the said Greenlee Packing Company, through its officers and legal representatives, had actual knowledge thereof and at no time during such period made demand on the plaintiffs that said fence should be replaced. That by such conduct and inaction on the part of Greenlee Packing Company, it impliedly acquiesced thereto and did not require the plaintiffs to comply with Exhibit '2'— its contract with the plaintiffs, particularly in the part designated as paragraph No. '4' thereof."

The policy upon which plaintiffs rely obligated the insurer as follows: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person caused by accident and arising out of the hazards hereinafter defined." An exclusion clause in the policy provides: "This policy does not apply * * * under divisions 1, 2 and 3 of the Definition of Hazards, to liability assumed by the insured under any contract or agreement". The division 1 referred to reads: "Premises—Operations: The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto." The divisions 2 and 3 refer to ownership of elevators and structural alterations and are not here material.

Defendant insurer contends that a declaratory judgment should have been entered decreeing that it was not obligated to defend in the wrongful death action or pay the judgment returned therein against the insured. The issue presented is whether the liability was one which the insured expressly assumed within the meaning of the exclusion clause.

██ We think it clear that the clause in the policy excluding from coverage liability assumed by the insured under contract does not exonerate the insurer where the liability of insured is attributable to his own negligence. Board of Trade Livery Company v. Georgia Casualty Co., 160 Minn. 490, 200 N.W. 633, 40 A.L.R. 678; Aetna Casualty & Surety Company v. Starrett, 102 Ga.App. 278, 115 S.E.2d 641; O'Dowd v. American Surety

Company of New York, 3 N.Y.2d 347, 165 N.Y.S.2d 458,' 144 N.E.2d 359; United States Fidelity & Guar. Co. v. Virginia Eng. Co., 4 Cir., 213 F.2d 109, 63 A.L.R.2d 1114.

In United States F. & G. Co., supra, the insurer issued a general liability policy to respondent engineering company which contained as in the case at bar a contractual liability exclusion clause to the effect that the policy did not apply "to liability assumed by the insured under any contract or agreement". The engineering company entered into a construction contract with the owner of the premises wherein the contractor agreed to indemnify and save harmless the owner from any claims arising out of its acts and omissions. A person injured by the negligence of the contractor recovered judgment against the insured and the owner. Recovery against the owner was had on the theory that it owed a duty to the injured person who was on the premises as an invitee. Holding that insured could recover under the policy, the court said: "What we have is a case where not only liability but also primary liability is imposed by law upon the Engineering Company and the only contract affecting the matter is an undertaking to indemnify the Harvester Company and save it harmless against such liability. The liability thus falls squarely within the coverage of the policy wherein the Guaranty Company agreed to pay on behalf of the insured 'all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law * * * for damages * * * sustained by any person or persons and caused by accident'. The fact that insured agreed to indemnify the Harvester Company against loss on account of claims arising out of such liability does not take them out of the coverage, for the liability remains liability imposed by law upon the insured, not liability assumed by contract. What the contract did with respect to such liability was not to assume it for the insured but to guarantee the Harvester Company against loss on that account."

Conduct that is merely a breach of contract is not a tort. The contract, however, may establish a relationship demanding the exercise of proper care and acts and omissions in performance may give rise to a tort liability. Smith v. Weber,

70 S.D. 232, 16 N.W.2d 537. The rule is thus stated in Shearman & Redfield, Law of Negligence (6th Ed.) § 116, as follows: "Negligence which consists merely in the breach of a contract will not afford ground for an action by any one, except a party to the contract, or a person for whose benefit the contract was avowedly made. * * * But where, in omitting to perform a contract, in whole or in part, one also omits to use ordinary care to avoid injury to third persons, who, as he could with a slight degree of care foresee, would be exposed to risk by his negligence, he should be held liable to such persons for injuries which are the proximate result of such omission."

In the wrongful death action negligence was charged as to all of the defendants. The issue of proportionate fault was litigated and there was a jury determination that each of the defendants was to pay as heretofore indicated a pro rata share of the total damages. SDC 1960 Supp. 33.04A. The insured Olaf Weeg was therefore required to make good his own tort liability. It being clear, then, that insured's own negligence as a contributing factor was established, we are not concerned with any theory of primary and secondary liability. Cf. O'Dowd v. American Surety Company of New York, supra.

The defendant insurer was given notice of the pendency of the prior action and under the terms of its contract entered upon defense of the case, but as found by the court with reservation of its right to disclaim liability. Causes of action for tort liability and indemnity are separate and distinct. However, the doctrine of collateral estoppel applies in a proper case. Under this doctrine an insurer is bound by any finding of fact that was necessary for the jury to have found in order to warrant the verdict and judgment for tort liability which is also decisive of coverage. See annotation in 24 A.L.R.2d 329 where numerous cases in support of the rule are collected. It follows that a right of recovery against insurer exists.

The declaratory judgment below is affirmed.

All the Judges concur.