**In the Matter of the CERTIFICATION OF A QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, WESTERN DIVISION, Pursuant To the Provisions of SDCL § 15–24A–1, and Concerning Federal Action Civ. 85–5086, Titled as Follows.**

**Robert CHAMPION, Plaintiff,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY COMPANY, an Insurance Company, Defendant.**

**No. 15367.**

Supreme Court of South Dakota.

Argued Oct. 22, 1986.

Decided Jan. 7, 1987.

Robert F. LaFleur of LaFleur & LaFleur, Rapid City, for plaintiff.

Terence R. Quinn and Kenneth E. Barker, on brief, of Stephens, Quinn & Buckmaster, Belle Fourche, for defendant.

MORGAN, Justice.

On the 16th day of May, 1986, the Honorable Andrew W. Bogue, Senior Judge, Unit-

ed States District Court, District of South Dakota, Western Division, pursuant to SDCL 15–24A–1, requested that this court answer the question of law contained in a certification order. On June 2, 1986, then Chief Justice Jon Fosheim issued an order accepting the certified question. The question of law to be answered is:

Whether a worker who is covered under the South Dakota Worker's [sic] Compensation Act may assert a claim in court against the employer's Worker's [sic] Compensation insurance carrier for intentional torts which occurred after the employee was injured and during either the processing, payment, or termination of Worker's [sic] Compensation benefits.

The federal district court also supplied the following statement of facts:

Assume for the purpose of this decision the following facts are true. The Plaintiff suffered an injury arising out of and in the course of his employment with his employer. The Plaintiff began receiving Workmen's Compensation benefits at the level prescribed by law. One and one-half years later, his benefits were wrongfully terminated by his employer's insurance carrier. The conduct of the insurance company in terminating the Plaintiff's benefits was intentional, fraudulent and in bad faith. Over one and one-half years later, the Plaintiff and the insurance carrier entered into a stipulation that as a result of his injuries, the Plaintiff was permanently and totally disabled. As a result of the insurance company's actions, the Plaintiff suffered damages. The Plaintiff then filed this lawsuit, seeking compensatory and punitive damages.

The parties in this action are plaintiff Robert Champion (Champion) and defendant United States Fidelity and Guaranty Company (USF & G).

USF & G claims that two different theories prevent Champion from succeeding with a tort action. USF & G claims that the exclusive remedy provisions of the South Dakota Workers' Compensation Act provide the sole remedy for Champion against USF & G. Secondly, USF & G claims in the alternative, that if the workers' compensation exclusive remedy provisions are not the sole remedy of recovery, that Champion's action sounds in contract and that Champion must be limited to contract damages.

■ While it is unclear whether USF & G seeks to invoke the exclusive remedy provisions of SDCL 62–3–2 or SDCL 62–8–6, the result under either statute would be the same. SDCL 62–3–2 deals with "personal injury or death arising out of and in the course of employment", whereas SDCL 62–8–6 deals with injury or death "from any disease ... in any way contracted, sustained, aggravated, or incurred by such employee in the course of, or because of, or rising out of his employment." We fail to see how the bad faith actions of the insurance carrier caused injuries arising out of and in the course of Champion's employment. *Travelers Ins. Co. v. Savio,* 706 P.2d 1258 (Colo.1985); *Southern Farm Bureau Cas. Ins. v. Holland,* 469 So.2d 55 (Miss.1984); *Hayes v. Aetna Fire Underwriters,* 187 Mont. 148, 609 P.2d 257 (1980); *Coleman v. American Universal Ins. Co.,* 86 Wis.2d 615, 273 N.W.2d 220 (1979). *See* Annot., 8 A.L.R.4th 902 (1981).

In addition, SDCL 62–3–2 specifically excludes "rights and remedies arising from intentional tort." If the conduct of USF & G amounts to an intentional tort as is stated in the Question of Law to be Answered, then it falls outside the restrictions of SDCL 62–3–2. The result would not change if USF & G were proceeding under SDCL 62–8–6. Under that section, the injury must have been "by accident" which does not appear to be the case here. The Statement of Facts indicates the termination was "intentional, fraudulent and in bad faith."

USF & G argues in the alternative that even if the exclusive remedy provisions do not bar Champion's action his complaint merely states a contract action and is thus indistinguishable from *O'Neill v. Blue Cross of Western Iowa & S.D.,* 366 N.W.2d 816 (S.D.1985). *O'Neill* follows two similar

cases, *Thu v. American Family Ins. Co.,* 292 N.W.2d 109 (S.D.1980) and *Ochs v. Northwestern Nat. Life Ins. Co.,* 254 N.W.2d 163 (S.D.1977). Champion relies upon several cases including *Hollman v. Liberty Mut. Ins. Co.,* 712 F.2d 1259 (8th Cir.1983).

It may be conceded that tort usually signifies a breach of legal duty independent of contract. But such breach of duty may arise out of a relation or state of facts created by contract. [citations omitted] While the matters complained of by plaintiff had their origin in a contract, the gist of the action is for alleged wrongful and tortious acts of defendant.

*Smith v. Weber,* 70 S.D. 232, 236–37, 16 N.W.2d 537, 539 (1944). "Conduct that is merely a breach of contract is not a tort. The contract, however, may establish a relationship demanding the exercise of proper care and acts and omissions in performance may give rise to a tort liability." *Weeg v. Iowa Mutual Insurance Co.,* 82 S.D. 104, 109, 141 N.W.2d 913, 916 (1966). *See Friedhoff v. Engberg,* 82 S.D. 522, 149 N.W.2d 759 (1967). *Kunkel v. United Security Ins. Co. of New Jersey,* 84 S.D. 116, 168 N.W.2d 723 (1969), relying on *Smith* and *Weeg,* recognized a cause of action for bad faith failure by an insurance company to settle within policy limits. *See Crabb v. National Indemnity Co.,* 87 S.D. 222, 205 N.W.2d 633 (1973); *North River Ins. Co. v. St. Paul Fire & M.,* 600 F.2d 721 (8th Cir.1979). While *Kunkel* is primarily an "excess liability" case it also recognized a cause of action for "mental suffering." While the court reversed a jury award of $10,000 for mental suffering, its ruling was based on a lack of evidence and not a lack of a cause of action.

Subsequent to the *Kunkel* case, this court heard a series of three cases involving the failure of an insurance company to pay under a contract for insurance. *See O'Neill, supra; Thu, supra; Ochs, supra.* While USF & G relies heavily on these three cases to support its position, we find that each case is distinguishable from the case at hand. *Ochs, supra,* involved the question of the appealability of a final

judgment under SDCL 15–6–54(b). We specifically noted that we did not reach the merits surrounding the insured's bad faith claim. *Id.* at 168. In *Thu, supra,* there was no mention in the opinion of any bad faith on the part of the insurer. Furthermore, the facts cited in the opinion tend to give rise to a good faith defense to payment by the insurer. *O'Neill, supra,* also involved facts that failed to support a bad faith claim. We note that the trial court refused to award attorney's fees under SDCL 58–12–3 since the insurer's refusal to pay was not "vexatious or without reasonable cause." *Id.* at 820–21.

While we recognize that there is a split of authorities on the issue before us, we believe the correct judicial path to be that which allows a cause of action against an insurance company for bad faith failure to pay a claim.

[T]he better rule is that an insurer's violation of its duty of good faith and fair dealing constitutes a tort, even though it is also a breach of contract. Such tortious conduct is demonstrated where there is unreasonable delay in performing under a contract, including delays in settlement under a liability policy. This tort arises by operation of law, and is not barred by the exclusive remedy provision of a worker's [sic] compensation law. Essentially, there must be present the lack of a reasonable basis on the part of the insurer for its conduct. But when the essential factors are present, a complaint so stating demonstrates a proper cause of action, and a verdict, based upon proper evidence, will not be set aside.

16A J.A. Appleman & J. Appleman, *Insurance Law and Practice* § 8878.15, at 422–24 (1981).

South Dakota has no case authority dealing specifically with the liability of workers' compensation carriers, nor does our legislature give us much guidance on this matter. SDCL 58–12–3, while not expressly authorizing a cause of action for bad faith failure to pay, acknowledges that such a cause of action may exist. That

statute allows the award of attorney's fees against an insurance company under certain circumstances but specifically says that the statute "shall not be construed to bar any other remedy, *whether in tort or contract,* that an insured may have against the same insurance company arising out of its refusal to pay such loss." SDCL 58–12–3 (emphasis added).

Since there is no controlling South Dakota authority, we may look to other courts to guide our decision. Initially, we note that the Eighth Circuit Court of Appeals has also interpreted South Dakota law to allow for this result. *Hollman, supra. Hollman* involved a cause of action sounding in tort resulting from workers' compensation carrier's bad faith failure to pay benefits. The *Hollman* decision cites a number of authorities supporting this proposition. *See Hollman,* 712 F.2d at 1262 n. 5. We agree that the authorities cited in note five are authoritative. Two cases in note five and two additional cases deserve special attention.

*Coleman v. American Universal Ins. Co.,* 86 Wis.2d 615, 273 N.W.2d 220 (1979) involves facts substantially similar to those in this case. The Wisconsin Supreme Court allowed an additional tort recovery even though the Wisconsin statutes provided a penalty provision for late payment by a workers' compensation carrier. The Montana case of *Hayes, supra,* again involved workers' compensation benefits that were wrongfully withheld by the carrier.

The weight of authority has resolved this issue in favor of an independent action ... for an intentional tort, as it does not arise out of an employment relationship.... The Compensation Act should not be a 'shield' which will insulate those who would engage in intentional wrongdoing in the settlement and investigation of workers' claims. No one should be allowed intentionally and tortiously to cut off a claimant unilaterally for whatever purpose they choose and then hide behind workers' compensation exclusivity in assurance that the only

retribution will come in the form of a compensation penalty paid for by society. *Hayes,* 609 P.2d at 262. Once again the court provided a remedy even though the workers' compensation statutes contained a penalty provision for late payment. South Dakota's workers' compensation statutes do not provide for a penalty in late payment cases.

In *Southern Farm Bureau Cas. Ins. v. Holland,* 469 So.2d 55 (Miss.1984), the Supreme Court of Mississippi dealt with a case nearly identical to the case at bar. The Mississippi court analyzed both the majority and minority views and ultimately sided with the majority by allowing a cause of action for bad faith failure to pay a worker's compensation claim.

The liability sought here to be imposed upon [the insurer] does not arise out of the injury suffered by Ms. Holland on October 6, 1977. It derives from the independent and allegedly intentional, tortious conduct of [the insurer] in refusing to pay benefits owing under the [Workers' Compensation] Act without an arguable basis therefor.

We hold, therefore, that the exclusivity provision of the Workers' Compensation Act does not bar an action by the employee against the insurance carrier for the commission of an intentional tort. The independent tort is not compensable under our Workers' Compensation Act and to extend immunity to compensation carriers for a separate injury to workers goes far beyond the intent of the act. *Id.* at 59.

A fourth case, *Travelers Ins. Co. v. Savio,* 706 P.2d 1258 (Colo.1985), again deals with facts substantially similar to the instant case. The *Savio* court recognized a cause of action in tort for bad faith failure to pay a workers' compensation claim, but more importantly, set out a two-prong test that must be met prior to recovery.

"It is appropriate, in applying the test, to determine whether a claim was properly investigated and whether the results of the investigation were subjected to a reasonable evaluation and review....

We have stated above that, for proof of bad faith, there must be an absence of a reasonable basis for denial of policy benefits *and* the knowledge or reckless disregard of a reasonable basis for denial, implicit in that test is our conclusion that the knowledge of the lack of a reasonable basis may be inferred and imputed to an insurance company where there is a reckless disregard of a lack of a reasonable basis for denial or a reckless indifference to facts or to proofs submitted by the insured.

Under these tests of the tort of bad faith, an insurance company, however, may challenge claims which are fairly debatable and will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis."

*Savio*, 706 P.2d at 1275 (quoting *Anderson v. Continental Insurance Co.*, 85 Wis.2d 675, 692, 271 N.W.2d 368, 377 (1978) (emphasis in original)). We adopt the *Savio* two-prong test in cases of alleged bad faith failure to pay by a workers' compensation carrier.

■ Accordingly, we answer the question posed by the Honorable Andrew W. Bogue in the affirmative as reflected above.

All the Justices concur.

FOSHEIM, Retired Justice, participating.

MILLER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.