# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3147

_____

| | | |
|---|---|---|
| James Arp; Candace Arp, | * | |
| | * | |
| Plaintiff - Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| AON/Combined Insurance Company; | * | Appeal from the United States |
| Continental Casualty Company, | * | District Court for the |
| | * | District of South Dakota. |
| Defendants - Appellees, | * | |
| | * | |
| GAB Robins North America, Inc., | * | |
| | * | |
| Third Party Defendant - Appellee. | * | |

_____

Submitted: May 17, 2002

Filed: August 20, 2002

_____

Before LOKEN, HEANEY and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Candace and James Arp appeal a final order entered by the United States District Court for the District of South Dakota granting summary judgment in favor of AON/Combined Insurance Company ("AON"), Continental Casualty Company ("Continental"), and GAB Robins of North America, Inc. ("GAB") (collectively "the

appellees"). The Arps allege that AON acted in bad faith when it refused to pay reasonable medical expenses and when it failed to concede that James Arp is permanently and totally disabled. For the reasons stated below, we reverse in part.

I. BACKGROUND

James was employed as a salesman by Combined, which is owned by AON.[1] On January 9, 1997, James was driving from Rapid City, South Dakota to Minneapolis, Minnesota to attend a training course when he encountered frost on the roadway and rolled his vehicle. He was ejected from his vehicle and fractured his skull on the concrete road, causing a severe brain injury. After a lengthy hospital stay, James returned home to his wife Candace. It is undisputed that James's head injury rendered him permanently disabled.[2] He requires 24-hour supportive care, and cannot perform household tasks without close supervision and instruction.

---

[1]AON is self-insured for workers' compensation up to $500,000.00. Claims exceeding $500,000.00 are paid by Continental. At the time of James's accident, the administration of AON's workers' compensation program was managed by GAB, a third party administrator. In May of 1999, AON's contract with GAB was cancelled and James's claim was transferred to Cambridge, a new third party administrator.

[2]On December 9, 1999, Dr. Brian Tschida, a Board Certified Neurologist, filed an affidavit, which stated as follows:

> On January 19, 1997, [James] Arp suffered a severe closed head injury which rendered him permanently and totally disabled and in constant need of 24 hour supervision. This is not a subtle case as Mr. Arp's disability is clearly permanent and it has been obvious since the beginning of my treatment of Mr. Arp that he would never be able to manage or function on his own, and it is obvious that he is unemployable.

Appellant's Appendix, at 186.

Following the accident, Candace filed a workers' compensation claim on behalf of her husband. The claim was accepted by AON and James began receiving temporary total disability benefits.[3] His medical bills were also paid. Although there have been delays in the payment of medical bills, Candace admits that the delinquent payments were unintentional.

After his release from the hospital, James was enrolled in a program called the "Adult Day Center," which enabled Candace to continue working during the day. James was then placed in a Community Transition Program until he "plateaued" in early 1999. Beginning in early 1999, the nurse at the Community Transition Program requested that James be transferred to the Black Hills Workshop, a facility for the mentally disabled. James's medical providers felt that he was not receiving enough mental stimulation either at home or at the Community Transition Program. This caused his cognitive ability and functioning to deteriorate. The Black Hills Workshop was a facility that provided daily activities which would have been beneficial for James. Because the Workshop did not employ enough attendants to constantly supervise James, his nurse also requested funding for a companion to monitor him at the Workshop. Both requests were denied by AON. During the spring and summer of 1999, James's nurse submitted approximately twenty additional requests for funding to AON. Each was denied until September of 1999, when funding for James's placement at the Black Hills Workshop was finally approved.

On May 3, 1999, GAB made an offer to pay James's permanent partial disability benefits in the amount of $12,151.16.[4] Candace testified that she was not

---

[3]James continues to receive temporary total disability benefits to this day.

[4]As early as July of 1997, GAB representatives set the amount to be reserved for James's claim at $565,779.81. In January of 1999, this amount was changed to $732,707.27. Both figures included allocations for future permanent disability benefits in excess of $200,000.00. On January 17, 2000, Cambridge concluded that

sure whether this offer was intended to release AON from its obligation to pay future benefits. Nevertheless, this offer was rejected and a workers' compensation proceeding before the South Dakota Department of Labor commenced on May 29, 1999. Initially, in its answer to James's complaint, AON denied that James was permanently and totally disabled, even though there was no medical evidence to support this assertion. On March 14, 2000, just days before the hearing on James's claim, the parties entered into a stipulation whereby AON stipulated that James was permanently and totally disabled.[5]

Several months later, the Arps filed suit against AON and Continental. GAB was made a third party defendant. In their complaint, the Arps alleged the following causes of action: (1) breach of a duty to pay workers' compensation benefits; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; (4) loss of consortium; and (5) bad faith. The Arps also sought punitive damages and attorneys fees. On August 13, 2001, the district court granted the appellees' motion for summary judgment. The Arps appeal the district court's decision to grant summary judgment in favor of AON, Continental, and GAB on their bad faith claim.

---

James would require a payment of approximately $1,900,000.00 in disability benefits and medical expenses over the course of his lifetime.

[5]According to AON, this delay was attributable to several factors. First, GAB had no authorization to make commitments in excess of $25,000.00 without AON's approval. Also, AON contends that it was required to give notice to Continental when paying claims in excess of $125,000.00. Finally, the transfer of James's claim to Cambridge in May of 1999 led to administrative delays.

## II. DISCUSSION

South Dakota recognizes a cause of action for bad faith in failing to pay a workers' compensation claim. See In re Certification of a Question of Law (Champion v. U.S. Fidelity & Guar. Co.), 399 N.W.2d 320, 322 (S.D. 1987). To prove bad faith on the part of an insurer, a plaintiff must prove: (1) that a claim was denied or benefits withheld without a reasonable basis; and, (2) the knowledge or reckless disregard of the lack of a reasonable basis for the denial. Stene v. State Farm Mut. Auto Ins. Co., 583 N.W.2d 399, 403 (S.D. 1998); Walz v. Fireman's Fund Ins. Co., 556 N.W.2d 68, 70 (S.D. 1996). It is entirely permissible for insurance companies to challenge claims which are "fairly debatable." Stene, 583 N.W.2d at 403. Moreover, "[b]eing dilatory or even slow . . . doesn't in and of itself amount to bad faith." Ulrich v. St. Paul Fire & Marine Ins. Co., 718 F. Supp. 759, 763-64 (D.S.D. 1989).

The sole issue on appeal is the propriety of the district court's grant of summary judgment in favor of the appellees. We review a district court's grant of summary judgment de novo. Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (citations omitted). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 770 (8th Cir. 2001).

In order to withstand the motion for summary judgment, the Arps were required to create an issue of material fact concerning whether AON had a reasonable basis for denying their claims. Ulrich, 912 F.2d at 963. First, the Arps allege that AON acted in bad faith between April and September of 1999 when it refused to approve requests from James's medical providers to fund his transfer to the Black Hills Workshop.

The record demonstrates that AON had a legitimate reason to question the propriety of this funding request. In April of 1999, James's nurse submitted a funding request to fund James's transfer to the Workshop. This request was approved on September 7, 1999. In her deposition, Candace admitted that there were problems with James's transfer because the Workshop "did not have enough supervisors in the area . . . to watch him close enough." Appellees' App. at 28-29. Moreover, the record demonstrates that, on May 18, 1999, Workshop personnel indicated that they could not employ James without additional staffing because he needed someone to work with him individually. Appellant's App. at 138. The record also indicates that, at that time, Dr. Tschida felt that James could function "in a group of 4-5 individuals with a supervisor without any difficulty." Id. Our review of the record leads us to conclude that the delay in approving the nurse's funding requests could not have been in bad faith because the dispute regarding whether the Workshop was an appropriate facility for James created a reasonable basis for challenging the requests. Therefore, the district court correctly granted summary judgment on this issue. [6]

Next, the Arps allege that AON acted in bad faith when it denied to the South Dakota Department of Labor that James was permanently and totally disabled from July 1999 to March 2000. The district court held that AON had a reasonable basis to refuse to admit that James was permanently and totally disabled because the admission would have created a monetary commitment exceeding its authority. The

---

[6]The Arps also allege that AON and GAB acted in bad faith because they did not compensate Candace for the time she spent caring for James. However, even if we assume that Candace is entitled to be compensated for the time she has spent caring for James, the record fails to contain any evidence to demonstrate that she has requested compensation for her services. As such, there is no evidence that AON and GAB failed to pay a claim for benefits, and AON and GAB are entitled to summary judgment on this issue. See Ulrich, 912 F.2d at 963 (noting that an insurance company may only be held liable if it intentionally denies a claim without a reasonable basis).

district court also concluded that it was reasonable for AON to investigate the claim before admitting that James was permanently and totally disabled, and that there was no evidence to show that AON's denial was intentional. We disagree.

AON's contractual relationships did not provide a reasonable basis to deny that James was permanently and totally disabled. The contractual obligations of AON, Cambridge, GAB, and Continental were simply not relevant to whether there was a factual basis to deny that James was permanently and totally disabled.[7] The medical evidence in this case conclusively demonstrates that James has been permanently and totally disabled since the date of his accident. By denying James's status as permanently and totally disabled, AON forced the Arps to hire attorneys to litigate this issue before the South Dakota Department of Labor, when this was completely unnecessary.

Moreover, the district court erred when it summarily concluded that there was no evidence to suggest that AON's denial was intentional and that it was reasonable for AON to continue to investigate James's disability status before admitting that he was totally and permanently disabled. The record does not contain any medical evidence to suggest that James was not permanently and totally disabled by his injuries. Furthermore, the record contains a plethora of evidentiary submissions which suggest that AON and GAB's own agents knew that James was permanently and totally disabled before they took the contrary position before the South Dakota Department of Labor. For example, in March of 1999, a GAB representative noted that James would "never be able to support his wife [or] himself." Appellant's App. at 154. Also, Paulette Trenien of GAB testified that it was clear to her during the eighteen months she handled James's claim that he was totally disabled. Id. at 30. Because the evidence in this case is sufficient to allow a jury to conclude that AON

---

[7]Even if this authorization was required before AON could admit that James was permanently and totally disabled, this would not account for a nine-month delay.

intentionally and unreasonably denied that James was permanently and totally disabled, the district court erred when it granted summary judgment on this issue. See Carroll v. Gulf Ins. Co., 886 F.2d 1071, 1074 (8th Cir. 1989) ("[A] trial court errs when, in deciding a summary judgment motion, it takes it upon itself to weigh conflicting evidence and to resolve the issue based on the evidence.").

Finally, the Arps contend that GAB and AON acted in bad faith by offering the Arps $12,151.16 to settle James's permanent partial disability benefits claim. In our view, a jury could reasonably conclude that this offer was further evidence that GAB and AON were not acting in good faith.

In Kirchoff v. Am. Cas. Co., 997 F.2d 401, 405 (8th Cir. 1993), an injured plaintiff sued her insurer for handling her insurance claim in bad faith after she was offered $8,000.00 dollars to settle a claim valued at over $300,000.00. After the jury returned a verdict in favor of the plaintiff, the insurer appealed, arguing that it was entitled to judgment as a matter of law on the bad faith claim because the evidence was insufficient to support a finding of liability. Id. at 404. This court affirmed the jury's award, stating:

> Denial of benefits may be inferred from the insurer's failure to process or pay a claim, and the requisite knowledge (or reckless disregard) on the part of the insurer may be inferred when the insurer has exhibited "a reckless indifference to facts or to proofs submitted by the insured."
>
> . . .
>
> [The insurer] claims it never denied payment to [the plaintiff], as evidenced by its . . . offer of $8000. But [the plaintiff] testified that she believed [the insurer's] offer to pay its estimated defense costs was effectively a denial of her claim . . . . [This] could be the conclusion of a reasonable person . . . ."

-8-

Id. at 405. The court also held that the jury's conclusion that the insurer's offer of $8,000.00 was made in bad faith was sufficiently supported by evidence which conclusively demonstrated the insurer's liability, and the serious nature of the plaintiff's injuries. Id.[8]

The Kirchoff case is similar to the one before us in several respects. In the present case, AON never refused to settle with Candace, nor did it refuse to pay James's claim after the $12,151.16 offer was rejected. However, AON's obligation to pay James's claim was undisputed, and the severity of his injuries was not challenged. In fact, the record indicates that AON's internal documents valued James's claim at well over $1,000,000.00. See Appellant's App. at 176. Under these circumstances, a jury could reasonably conclude that AON and GAB's offer was further evidence of bad faith, because they exhibited "a reckless indifference to facts or to proofs submitted by the insured." Kirchoff, 997 F.2d at 405 (citation omitted); see also Am. States Ins. Co. v. State Farm Mut. Ins. Co., 6 F.3d 549, 553 (8th Cir. 1993) (upholding jury verdict against insurer that failed to settle a claim for a reasonable value when its liability and the extent of the claimant's injuries were unchallenged).

---

[8]AON and GAB argue that Kirchoff is inapplicable because Candace admitted that she understood that she would not have waived the right to pursue additional benefits by accepting the offer. However, Candace's testimony is contradictory. Candace testified that after reading the offer, she understood that she and James would have the right to pursue more benefits in the future if they accepted it. Appellee's App. at 52. However, Candace also testified that at the time the offer was made, she thought AON "wanted to do a one-time final settlement." Id. at 49. Moreover, the GAB representative who made the offer testified during her deposition that James would not have received additional benefits if the Arps had accepted the offer unless he demonstrated that he was permanently disabled. Appellant's App. at 40.

## III. CONCLUSION

The judgment of the district court is reversed, as outlined in the text of this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.