KONENKAMP, Justice.
[¶ 1.] In a workers’ compensation case, can a claimant maintain a separate action for bad faith solely on the basis of unreasonable conduct by the employer’s insurer, absent proof of any wrongful denial of benefits? After receiving benefits for a job-related injury, the claimant sought rehabilitation benefits and the insurer denied her request. The claimant petitioned pro se for benefits with the Department of Labor and the insurer counterclaimed seeking reimbursement of all benefits previously paid. When the claimant hired an attorney, the insurer withdrew its counterclaim. While her rehabilitation claim was still pending, the claimant brought a separate bad faith action against the insurer for its conduct in submitting an unfounded counterclaim. The circuit court dismissed the complaint on the ground that it failed to state a claim upon which relief can be granted. We affirm because in the context of workers’ compensation claims, where no contractual relationship exists between the workers’ compensation claimant and the insurer, a bad faith action must include a wrongful denial of benefits, not merely wrongful conduct.
Background
[¶ 2.] Wynnette Hein injured her back on October 7, 2002, while working for her employer, Stanley Johnson Construction. As a result of her injuries, she underwent back surgery. Acuity, as the employer’s workers’ compensation insurer, paid Hein medical and disability benefits. Ultimately, however, Hein was unable to return to her job as a construction worker. She then sought rehabilitation benefits for retraining, but Acuity denied her request.
[¶ 3.] In June 2004, Hein filed a pro se petition with the Department of Labor, wherein she asked for rehabilitation benefits. Acuity answered by averring that she failed to state a claim for which relief can be granted, failed to give timely notice of her injury, and all her previous benefits were mistakenly paid in good faith. Acuity counterclaimed, therefore, demanding that she reimburse “medical and indemnity benefits paid” in error. After she hired an attorney, Hein responded to the counterclaim, contending that it was an attempt “to intimidate [her] from pursuing her legitimate claim for benefits.” She further alleged that Acuity did not “in good faith believe that [she] owe[d] them anything” and that the counterclaim was “abusive and should be denied.”
[¶ 4.] Acuity amended its answer and withdrew its counterclaim. It acknowledged that “although timely written notice was not provided of the October 7, 2002 injury, Employer and Insurer admit that [her] supervisors were aware of the incident.” It still denied that Hein had shown an entitlement to rehabilitation benefits.[1]
[¶ 5.] With her workers’ compensation claim still pending, Hein brought suit in circuit court against Acuity for bad faith.[2] According to Hein, Acuity acted in bad faith when it did not conduct a reasonable investigation, failed to consider evidence it had in its possession, and sought reim *234 bursement for benefits paid when it knew it had no reasonable basis to deny benefits retroactively or to claim that she owed anything. Hein’s complaint further alleged:
19. When it made the counterclaim, Acuity knew that the value of Hein’s rehabilitation benefits claim was less than $10,000, and knew that with a claim of such value, it was unlikely that Hein would be able to retain an attorney to represent her.
20. Acuity knew the counterclaim would make it even less likely that Hein would be able to obtain an attorney.
21. Acuity knew that without an attorney, Hein would be unable to prosecute her claim for rehabilitation benefits effectively, or to defend the counterclaim effectively, and would be more likely to be intimidated into giving up her claim for rehabilitation benefits.
* * *
23. Hein was able to obtain an attorney, James D. Leach, to represent her.
24. Hein’s attorney noticed the depositions of the relevant witnesses with respect to the counterclaim.
25. Prior to the depositions being taken, Acuity admitted that the counterclaim lacked any basis, and filed an Amended Answer withdrawing it.
Because of this alleged conduct, Hein asserted that Acuity breached its duty of good faith and fair dealing and caused her emotional distress for which she requested compensatory damages. She also sought punitive damages “to deter Acuity from continuing similar misconduct against other injured employees.”
[¶ 6.] Acuity answered and moved to dismiss under SDCL 15 — 6—12(b)(5) (Rule 12(b)(5)). It contended that because Hein’s claim for rehabilitation benefits was still pending with the Department, the case should be stayed until she exhausted her administrative remedies. Moreover, Acuity argued that to the extent Hein’s bad faith claim was “based upon statements made in judicial proceedings, such statements are absolutely privileged and not actionable.” Accordingly, Acuity asked that Hein’s complaint be dismissed in its entirety and with prejudice.
[¶ 7.] At the hearing on Acuity’s motion, Hein argued that she was not required to exhaust her administrative remedies because Acuity’s bad faith conduct was independent of her claim for rehabilitation benefits. She further alleged that her bad faith claim did not rest solely on Acuity’s pleadings in the underlying workers’ compensation case. These pleadings, she maintained, were merely evidence of Acuity’s bad faith. Acuity, on the other hand, argued that without the privileged pleadings Hein’s bad faith claim would fail.
[¶ 8.] In its ruling, the circuit court first concluded that Hein’s claim was premature because the underlying workers’ compensation issue was still pending with the Department. Next, the court examined “whether a cause of action for bad faith can be predicated upon responsive pleadings to a claim.” It reasoned that because an absolute pleading privilege is recognized in South Dakota for actions such as defamation, deceit associated with defamation and negligence, and intentional, negligent, and reckless infliction of emotional distress associated with defamation, the privilege should extend to the tort of bad faith. Nonetheless, the court stated that “[e]ven should the pleading privilege not be held to extend that far, these pleadings cannot rise to a level which constitutes bad faith.” Thus, the court dismissed Hein’s amended complaint with prejudice under Rule 12(b)(5), on the ground that it failed to state a claim for *235 which relief could be granted. Hein appeals.
Analysis and Decision
[¶ 9.] Customarily, bad faith litigation can be classified as either first- or third-party bad faith. Third-party bad faith is traditionally based on principles of negligence and arises when an insurer wrongfully refuses to settle a case brought against its insured by a third-party. Kunkel v. United Security Ins. Co. of New Jersey, 84 S.D. 116, 121, 168 N.W.2d 723, 726 (1969) (negligence and bad faith “are often used interchangeably”); Crabb v. Nat’l Indem. Co., 87 S.D. 222, 229-30, 205 N.W.2d 633, 637 (1973). Third-party bad faith exists when an insurer breaches its duty to give equal consideration to the interests of its insured when making a decision to settle a case.
[¶ 10.] First-party bad faith, on the other hand, is an intentional tort and typically occurs when an insurance company consciously engages in wrongdoing during its processing or paying of policy benefits to its insured. Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032, 1036 (1973); Champion v. U.S. Fidelity & Guar. Co., 399 N.W.2d 320, 324 (S.D.1987). In these cases, the parties are adversaries, and therefore, an insurer is permitted to challenge claims that are fairly debatable. However, a frivolous or unfounded refusal to comply with a duty under an insurance contract constitutes bad faith. Champion, 399 N.W.2d at 324 (citing Travelers Ins. Co. v. Savio, 706 P.2d 1258, 1275 (Colo.1985)); see also Isaac v. State Farm Mut. Auto. Ins. Co., 522 N.W.2d 752, 758 (S.D.1994); Julson v. Federated Mut. Ins. Co., 1997 SD 43, ¶ 6, 562 N.W.2d 117, 119-20.
[¶ 11.] Wrongful conduct toward an employee claimant by the employer’s insurer in a workers’ compensation case does not fit the traditional definition of either first- or third-party bad faith. A bad faith claim related to workers’ compensation is not based on an insurer’s refusal to settle its own insured’s suit as in third-party cases, but exists when an insurer breaches its duty to deal in good faith and fairly when processing a workers’ compensation claim. And, unlike first-party bad faith, the claimant, not the insured employer, brings the action against the insurer. Nonetheless, it is within the first-party bad faith context that multiple jurisdictions, including South Dakota, recognize a bad faith cause of action based on an insurer’s conduct in a workers’ compensation case. Champion, 399 N.W.2d at 324; see also Reed v. Hartford Accident & Indem. Co., 367 F.Supp. 134, 135 (E.D.Pa.1973); Stafford v. Westchester Fire Ins. Co. of New York, Inc., 526 P.2d 37, 43-44 (Alaska 1974), overruled on other grounds, Cooper v. Argonaut Ins. Cos., 556 P.2d 525 (Alaska 1976); Travelers Ins. Co., 706 P.2d at 1275; Gibson v. Nat’l Ben Franklin Ins. Co., 387 A.2d 220, 222-23 (Me.1978); Southern Farm Bureau Cas. Ins. Co. v. Holland, 469 So.2d 55, 58 (Miss.1984); Hayes v. Aetna Fire Underwriters, 187 Mont. 148, 609 P.2d 257, 261 (1980); Coleman v. Am. Universal Ins. Co., 86 Wis.2d 615, 273 N.W.2d 220, 223-24 (1979).
[¶ 12.] Hein structures her claim as though she were in a first-party relationship with Acuity. She argues that under South Dakota’s first-party bad faith law, a claim can proceed anytime an insurer’s conduct toward a claimant lacks a reasonable basis or is in reckless disregard of the lack of a reasonable basis. She relies on language from Julson, where we indicated that an insurer could be liable for bad faith to its insured not only when there is an absence of a reasonable basis for denying policy benefits, but also when there is an absence of a reasonable basis *236 for a “failure to comply with a duty under the insurance contract.” See 1997 SD 43, ¶ 6, 562 N.W.2d at 119.
[¶ 13.] However, there exists a key difference between bad faith in a workers’ compensation action and bad faith in a traditional first-party insured-insurer relationship. In workers’ compensation cases, the claimant is not the insured. In true first-party claims, there exists a contractual relationship, whereby the insurer has accepted a premium from its insured to provide coverage. Under those circumstances, we recognized in Julson that bad faith can extend to situations beyond mere denial of policy benefits. 1997 SD 43, ¶ 6, 562 N.W.2d at 119; Hatch v. State Farm Fire and Cas. Co., 842 P.2d 1089, 1097-99 (Wyo.1992) (recognizing a cause of action for “procedural first-party bad faith”); see also Spindle v. Travelers Ins. Cos., 66 Cal.App.3d 951, 136 Cal.Rptr. 404, 408 (1977); Harvester Chem. Corp. v. Aetna Cas. Sur. Co., 277 N.J.Super. 421, 649 A.2d 1296, 1300-01 (App.Div.1994); O’Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa.Super.Ct.1999); Union Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 283 (Tex.1994).
[¶ 14.] Nonetheless, in a dispute between a workers’ compensation claimant and the employer’s insurer, no contractual relationship exists. While Hein is correct that in South Dakota a workers’ compensation bad faith claim derives from the first-party bad faith context, it is nevertheless a distinct cause of action. Bad faith arising out of workers’ compensation proceedings does not have the necessary attribute of a traditional first-party bad faith claim, i.e., a contractual relationship.[3] Thus, in South Dakota, a workers’ compensation claimant can sustain an action for bad faith against an insurer only if the claimant satisfies the two prong test we adopted in Champion, 399 N.W.2d at 324. There must be (1) “an absence of a reasonable basis for denial of policy benefits” and (2) “the [insurance carrier’s] knowledge or reckless disregard of a reasonable basis for denial.... ” Id. (citing Travelers Ins. Co., 706 P.2d at 1275 (quoting Anderson v. Cont’l Ins. Co., 85 Wis.2d 675, 271 N.W.2d 368, 377 (1978))). An insurance carrier is permitted to “challenge claims which are fairly debatable,” and therefore, “will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis.” Id. (citations omitted).
[¶ 15.] In Zuke v. Presentation Sisters, Inc., we stated that before a claimant may seek relief for a bad faith claim in circuit court, the Department of Labor must first decide whether benefits were warranted. 1999 SD 31, ¶ 22, 589 N.W.2d 925, 930 (administrative remedies must be exhausted, “[b]efore a trial court may grant relief for bad faith denial of worker’s [sic] compensation benefits” (emphasis added)). It is undisputed that Hein’s request for rehabilitation benefits was still pending before the Department when she sought relief for her bad faith claim against Acuity. Nonetheless, Hein contends that Zuke does not apply because after Acuity withdrew its untimely notice defense and counterclaim, there were “no administrative remedies for her to exhaust prior to bringing this lawsuit.” Her cause of action, she argues, is *237 not based on a denial of policy benefits like the claim in Zuke, but on Acuity’s bad faith conduct in processing her request for rehabilitation benefits.
[¶ 16.] Insurers are entitled to challenge fairly debatable claims. Zuke, 1999 SD 31, ¶ 22, 589 N.W.2d at 930; Champion, 399 N.W.2d at 324; see also Ulrich v. St. Paid Fire & Marine Ins. Co., 718 F.Supp. 759, 763 (D.S.D.1989). Because any injury in a workers’ compensation bad faith claim stems from the insurer’s denial, not the insurer’s conduct alone, a central element of the cause of action is whether there has been a wrongful denial of benefits.[4] Champion, 399 N.W.2d at 324; Ulrich, 718 F.Supp. at 763-64. Consequently, resolution of a claimant’s request for benefits will have a direct bearing on the viability of a bad faith claim. Zuke, 1999 SD 31, ¶ 22, 589 N.W.2d at 930. Moreover, requiring a claimant to first exhaust administrative remedies “promotes efficiency, keeps the administrative and judicial functions separate, and discourages plaintiffs from waiting until the statute of limitations has run on their administrative claims and bringing tort claims in an attempt to get a more generous award.” Id.
[¶ 17.] We conclude that the circuit court was correct when it ruled that Hein’s bad faith claim against Acuity was premature because at the time she brought her lawsuit her request for rehabilitation benefits was pending before the Department.[5]
[¶ 18.] In oral argument, counsel for Hein informed the Court that the parties settled her claim for rehabilitation benefits. Now, Hein has no further administrative remedies to exhaust. Nonetheless, as we previously stated, workers’ compensation bad faith will not arise whenever an insurer’s conduct toward a claimant is unreasonable. Rather, to establish bad faith, the claimant must show that there has been (1) “an absence of a reasonable basis for denial of policy benefits” and (2) “the [insurance carrier’s] knowledge or reckless disregard of a reasonable basis for denial....” Champion, 399 N.W.2d at 324 (citations omitted) (emphasis added). A bad faith cause of action based on an insurer’s conduct in a workers’ compensation case is not traditional first-party bad faith. The relationship between a workers’ compensation claimant and an insurer is adversarial and not contractual. An insurer is liable to a claimant only when “it has intentionally denied (or failed to process or pay) a claim without a reasonable basis.” Id. (citations omitted).[6]
[¶ 19.] Hein’s claim against Acuity is predicated solely on unreasonable conduct and does not arise from a bad faith denial of workers’ compensation benefits. Thus, her lawsuit does not meet the necessary *238 elements of workers’ compensation-bad faith. See Champion, 399 N.W.2d at 324 (citations omitted).
[¶ 20.] Affirmed.
[¶ 21.] GILBERTSON, Chief Justice and ZINTER, Justice, concur.
[¶ 22.] SABERS and MEIERHENRY, Justices, concur in result.

. Whether Hein was entitled to rehabilitation benefits was never part of this appeal.

. The circuit court allowed Hein to file an amended complaint. Therefore, we review the amended complaint for the purpose of this appeal.

. Our workers’ compensation laws were adopted to "provide an injured employee a remedy which is both expeditious and independent of proof of fault,” but we cannot say that because of these laws a first-party relationship is created between the claimant and insurance carrier. See Harn v. Continental Lumber Co., 506 N.W.2d 91, 95 (S.D.1993) (citations omitted). Instead, it is the employer who is the insured and has obtained the workers’ compensation insurance to be insured against claims brought by injured employees.

. See Kirchoff v. Am. Cas. Co. of Reading, Pennsylvania, 997 F.2d 401, 405 (8th Cir.1993) (holding that a ''[d]enial of benefits may be inferred from the insurer's failure to process or pay a claim, and the requisite knowledge (or reckless disregard) on the part of the insurer may be inferred when the insurer has exhibited a 'reckless indifference to facts or to proofs submitted by the insured’ ”).

. Hein insists that her bad faith claim is not dependent on an ultimate award of benefits. This assertion is mistaken. The unique circumstances surrounding bad faith relating to a workers' compensation claim requires that the claimant first be entitled to the benefits requested. The claimant is not in a contractual relationship with the employer’s insurer and, therefore, absent entitlement to benefits, a bad faith claim cannot be sustained.

.By no means do we condone the conduct by counsel for Acuity. Submitting a counterclaim for all previously paid benefits, which counsel withdrew after Hein obtained legal representation, certainly gives rise to an inference that it was not interposed in good faith, and perhaps, as Hein alleges, offered only for the purpose of intimidating her.