SABERS, Justice
(concurring in result).
[¶ 23.] While the current state of the law forces me to concur in result, I write specially to suggest a better rule for the future. The majority opinion points out there must be a denial of benefits in order for a claimant to bring a first-party bad faith action against the insurance company. Therefore, Hein cannot bring her bad faith cause of action against Acuity.
[¶ 24.] However, I think the better rule is this: Assuming there is bad faith on the part of the insurance company, the claimant should be able to bring a cause of action against the insurance company without a denial of benefits. In Travelers Ins. Co. v. Savio, the Colorado Supreme Court found a claimant could bring the bad faith cause of action against the insurance company without waiting for a denial or even if there was no denial of benefits. 706 P.2d 1258, 1270 (Colo.1985) (en banc). It noted
[T]he tort of bad faith depends on the conduct of the insurer regardless of the ultimate resolution of the underlying compensation claim. For example, Sa-vio’s request for rehabilitation was finally resolved in May of 1980. That resolution, or even a contrary resolution at that time, sheds little light on the question of whether Travelers acted in good faith throughout the preceding year on Savio’s request for rehabilitation training.
Id. We adopted the test for bad faith used in Savio in Champion v. U.S. Fid. & Guar. Co., 399 N.W.2d 320, 324 (S.D.1987). I suggest we should use this language to allow a bad faith cause of action to proceed without a denial of benefits.[7]
[¶ 25.] The bad faith cause of action is a separate tort, not based on a contractual relationship, therefore the absence of an explicit contractual relationship should not affect when a claim can be brought.[8] It should not be based on wrongful denial, but instead be based on any wrongful conduct in which the insurance company engages. If the tort of bad faith is premised upon the insurance company’s duty of good faith and fair dealing, then the ability to bring the tort should not be controlled by the end denial, but rather the insurance company’s entire course of conduct. Under the current state of the law, the insurance company can act as badly as it wants and, as long as it does not deny the claim, can suffer no liability for its bad behavior. Justice demands a better rule for the people of South Dakota.

. I realize that in Zuke v. Presentation Sisters Inc., this Court required the underlying claim to be decided by the Department before a bad faith claim could be made. 1999 SD 31, ¶ 22, 589 N.W.2d 925, 930. However, I urge this Court to reconsider and find the better rule is to allow the bad faith claim regardless of the underlying disposition of the benefits claim.

. The majority opinion claims that a claimant can only bring a bad faith cause of action if they meet the two prong test adopted in Champion due to the nonexistence of a contractual relationship between insurer and claimant. Supra ¶ 14. Champion's test is adopted from Savio, and that opinion did not require the denial of benefits before bringing the bad faith claim. 706 P.2d at 1270.